WHITE *v*. WHITE ET AL.

[No. 14,875. Filed June 28, 1933. Rehearing denied September 28, 1933. Transfer denied May 1, 1934.]

*Oscar B. Smith,* for appellant.

*William J. Reed* and *Orville W. Nichols,* for appellee.

SMITH, J.—On June 27, 1909, appellee Edith White obtained a judgment against appellant in the Starke Circuit Court for the sum of $3,000. On September 30, 1932, appellee White filed her verified motion asking for an order of court granting leave to have an execution issued on said judgment. Later, appellee William C. Pentecost, having been made a party defendant, filed his answer in the form of an application for the issuance of an execution, and set up that he held a lien on the judgment for attorney's fees, and consented that execution might issue as prayed in appellee's application.

This proceeding was brought under section 744, Burns Ann. Ind. Stat. 1926, §2-3306, Burns Ind. Stat. Ann. 1933, §522, Baldwin's Ind. Stat. Ann. 1934, which reads as follows:

> "After the lapse of ten years from the entry of judgment or issuing of an execution, an execution can be issued only on leave of court, upon motion, after ten days' personal notice to the adverse party, unless he be absent or non-resident or cannot be found, when service of notice may be made by publication, as in an original action, or in such manner as the court shall direct. Such leave shall not be given unless it be established by the oath of the party, or other satisfactory proof, that the judgment or some part thereof remains unsatisfied and due."

Notice was duly issued and served upon appellant. To the verified motion, appellant filed a demurrer which challenged the sufficiency of the motion by raising the statute of limitations. The appellant, likewise, filed a demurrer to appellee Pentecost's application, but no question is presented thereon.

The demurrer to the motion was overruled, and appellant answered in four paragraphs: (1) General

denial; (2) twenty-year statute of limitations; (3) twenty-year statute of limitations, but more in detail; (4) setting up that the judgment was fully paid and satisfied by the lapse of time. Replies in general denial were filed to the second, third, and fourth paragraphs of answer by appellee, Edith White, which closed the issues.

The cause was submitted to the court for trial without the intervention of a jury. Upon request, special finding of facts was made, and conclusions of law rendered thereon, upon which judgment was rendered for appellees.

A motion for new trial was duly filed by appellant, which sets forth eight grounds therefor. The evidence is not in the record; hence, no question is presented by the motion for new trial. The appellant has assigned as errors: (1) The overruling of appellant's demurrer to the motion; (2) the court erred in conclusions of law number 1; (3) the court erred in conclusion of law number 2. Assignment number 4 is a repetition of number 2 and number 3, and assignment number 5 relates to the overruling of the motion for new trial.

As the same question is presented in the three assignments of error above, namely, the overruling of the demurrer to appellee's motion, and the alleged errors in the court's conclusions of law, they will all be treated together.

Hereafter in this opinion reference to "appellee" will mean Edith White only, as appellee Pentecost's interest is that of a lien upon the judgment and contingent upon appellee White's rights herein.

Appellant raised the question that this action is barred by the statute of limitations by her demurrer and second and third paragraphs of answer; and relies upon section 302, Burns Ann. Ind. Stat. 1926, cl. 6,

§2-602, Burns 1933, §61, Baldwin's 1934, which provides for the time for the commencement of certain actions after they have accrued, and reads as follows:

"Upon contracts in writing other than those for the payment of money, on judgments of courts of record, and for the recovery of the possession of real estate, within twenty years."

Appellee states that appellant is relying upon section 314, Burns 1926, §2-614, Burns 1933, §73, Baldwin's 1934, as well as upon section 302, *supra*. Appellant contends that her sole reliance is upon section 302, *supra,* so the question whether section 314 is applicable is not before us. This section provides that:

"Every judgment and decree of any court of record of the United States or of this or any other state shall be deemed satisfied after the expiration of twenty years."

Upon request the court found the facts specially, and stated conclusions of law thereon. In the special finding of facts, the court found that appellee procured a judgment against appellant on June 27, 1909, in the Starke Circuit Court for the sum of $3,000; that there is due on said judgment, including interest, the sum of $4,195 which has never been paid; that no execution has been issued on said judgment, and same has never been revived or renewed; that appellant is the owner of real and personal property situated in Starke County, and has been a bona fide resident of the state of Indiana continuously from the 27th day of March, 1912, to the present time; that the appellee Pentecost has a lien on said judgment for attorney fees for procuring the same; that appellee's "application" for the issuance of an execution on said judgment was filed on the 30th day of September, 1932.

Upon the special finding of facts, the court stated its conclusions of law, as follows:

"1st. That the law is with the plaintiff.

"2nd. That the plaintiff is entitled to an order for the issuance of an execution on the judgment by her recovered against the defendant Alwilda White, in the Circuit Court of Starke County, State of Indiana, on the 27th day of June, 1909, in the sum of $3,000.00, which said judgment is recorded in Order Book 36 at page 457 of the Starke Circuit Court."

It will be observed that the appellee obtained the judgment against appellant on June 27, 1909; that she filed her motion (which has also been denominated an "application") on September 30, 1932, which was more than twenty-three years after the entry of the judgment. It will be further observed that the appellant has been a continuous resident in the state of Indiana from March 27, 1912, to the time of filing the motion; that the motion for the execution was filed more than twenty years after March 27, 1912.

The question to be determined in this appeal is, May an execution be issued under section 744, Burns 1926, *supra*, upon motion and notice as provided therein, upon a judgment which had been rendered more than twenty years prior to the filing of such motion, when the question of statute of limitations has been properly raised? In determining this question, we have in mind the decision of this court in the case of *Odell* v. *Green* (1919), 72 Ind. App. 65, 122 N. E. 791, and also, the case of *Pensinger* v. *Jarecki Manufacturing Company* (1922), 78 Ind. App. 569, 136 N. E. 641, both of which cases are relied upon by appellee to sustain her contention of the right to have an execution issue upon her judgment. Both of these cases will be commented upon later in this opinion.

The statute of limitations was also raised by exceptions to the conclusions of law, which are properly assigned as error herein. As the ruling upon the demurrer and exceptions to the conclusions of law raise the

same question, we shall consider the question upon the exceptions to the conclusions of law.

The first question to be determined is, Does the section of the statute of limitations, section 302, *supra,* apply in this case, and if it does, having been properly pleaded, and the facts relating thereto found in the special finding of facts, are the conclusions of law stated by the court erroneous? The statute provides that "The following actions shall be commenced," etc. Appellee asserts that this proceeding is not an action within the purview of section 302, *supra.*

Section 744, Burns 1926, *supra,* provides that after ten years no execution can be issued upon any judgment without securing an order of the court therefor; and to secure such order, the judgment creditor must file a verified motion setting up his judgment and facts as provided in the statute, and cause notice to be served upon the judgment debtor. Our courts have recognized the filing of pleadings to this motion. We think that the proceeding contemplated by section 744, *supra,* is such an action on a judgment as comes within the purview of clause 6 of section 302, *supra.* *Vol. 1 Watson's Works' Practice,* §3, pp. 5 and 6. *Jaseph* v. *Schnepper* (1890), 1 Ind. App. 154, 27 N. E. 805; *Berry* v. *Berry* (1897), 147 Ind. 176, 46 N. E. 470; *Burkett et al.* v. *Holman* (1885), 104 Ind. 6, 3 N. E. 406; Vol. 1, Burns 1926, section 256; *Strong* v. *The State ex rel.* (1877), 57 Ind. 428.

In the case of *Berry* v. *Berry, supra,* the Supreme Court had under consideration a proceeding to declare a person of unsound mind, and to appoint a guardian, wherein the question was raised whether such proceeding was a civil action within the meaning of the statute which authorized a change of venue, the court said:

"It has been held by this court also that an action 'is any judicial proceeding which, conducted to a

termination, will result in a judgment,' and that a civil action 'is an action wherein an issue is presented for trial, formed by the averments of the complaint, and the denials of the answer, or the replication to new matter, and the trial takes place by the introduction of legal evidence to support the allegations of the pleadings, and a judgment in such an action is conclusive upon the rights of the parties, and could be plead in bar.' " (And cases cited.)

Surely a proceeding under section 744, *supra*, for the issuance of an execution by order of court in which proceeding questions of fact are raised upon which issues may be formed, is a judicial proceeding which, continued to its termination, will result in a judgment; and is an action as contemplated by our statute. Tested by the rule in the Berry case, *supra*, such a proceeding as we have here is an "action," and where the statute, as here, does not provide the full mode of procedure the procedure provided in the Code will apply. In the instant case, there was an issue presented by the averments of the motion, denial by answer, and special answers setting up the statute of limitations and payment, and a trial had, and evidence introduced to support the allegations of the pleadings, and a judgment rendered after special finding of facts, and conclusions of law had been made; and the judgment so rendered is conclusive upon the rights of parties in this action, and could be pleaded in bar to another action.

Appellee contends that this is not a civil action or a special proceeding of a civil nature, but is a motion in the original action to which the general statutes limiting actions does not apply; that it is a subsequent step in the action already commenced, and is governed by the statute specifically relating thereto, not by the statute limiting actions. This position is not tenable. Section 744, *supra*, does not completely set out the method

of procedure, and so, could not wholly govern the proceeding herein. Appellee cites *Leonard et al.* v. *Broughton et al.* (1889), 120 Ind. 536, 22 N. E. 731, which is an action to quiet title to real estate. This case is not in point, for the point to which appellee cites the case is not decided.

Vol. 1, *Watson's Works' Practice,* section 3, *supra,* says the following proceedings have been held to be civil actions, "Proceedings to have an execution issued after ten years," and cites the case of *Jaseph* v. *Schnepper, supra;* also, "Proceedings supplementary to execution." Ruling Case Law and Corpus Juris state "An action is defined as a legal demand of one's right, also a judicial remedy for the enforcement or protection of a right." 1 R. C. L., p. 314, §3; 1 C. J., p. 925, §1. The Supreme Court, in the case of *Burkett* v. *Holman, supra,* held that a proceeding supplementary to execution is such a civil action as entitles a party upon proper application to a change of judge. If a proceeding supplementary to execution is a civil action, surely a proceeding under section 744, *supra,* is an action within the meaning of section 302, *supra,* providing for limitation of actions.

We hold that a proceeding, such as in the instant case, to obtain an order for an execution is an action; and that section 302, *supra,* providing for the limitation of actions in clause 6, is applicable thereto if properly pleaded.

In the case of *Ensley, Treasurer* v. *The State ex rel.* (1908), 172 Ind. 198, 88 N. E. 62, the Supreme Court said:

"It is an acknowledged canon of construction that all laws upon a subject, or germane to it, shall be construed together, so that all may be given effect and produce a harmonious system, and that it will be presumed that the legislature in enacting a law did so with reference to

existing laws. *Humphries* v. *Davis* (1885), 100 Ind. 274, 50 Am. Rep. 788; *Lutz* v. *City of Crawfordsville* (1887), 109 Ind. 466; Bishop, Written Laws, §242b."

Sections 302 and 744, Burns Ann. St. 1926, *supra,* should be construed together as they are germane to the same subject.

To adopt the construction of section 744, *supra,* placed upon it by appellee would in effect do away with the operation of the statute of limitations, section 302, *supra,* as applied to judgments. Section 743, Burns Ann. St. 1926 provides for the issuing of executions upon judgments within ten years after rendering thereof. It places the power with the judgment creditor to cause an execution to be issued without any proceedings in court within the ten-year period. Section 744, *supra,* provides that, after the lapse of ten years from the entry of the judgment or the issuing of an execution thereon, an execution can be issued only on leave of court upon motion and after ten days' personal notice to the adverse party, or publication of notice if he be a non-resident; that such execution shall not be issued unless it be established that the judgment, or some part remains unsatisfied, and is due. In the instant case, such verified motion was filed and notice duly given. Appellant appeared to the proceedings, filed a demurrer which was overruled, and then filed answer, two of the paragraphs setting up that the judgment upon which this execution is sought to be issued is barred by the statute of limitations, section 302, *supra.* The special finding of facts shows that at the time of the filing of the verified motion, more than twenty years had expired from the date of rendering the judgment; and the lower court ordered the execution, and entered judgment therefor.

Since the statute of limitations has been properly pleaded, and the special finding of facts shows that more than twenty years has expired from the date of entering the judgment, we hold that the lower court is without authority to order the issuing of this execution upon this judgment.

Construing these statutes, sections 302 and 744, *supra,* in *pari materia* which we are required to do, it seems clear to us that under section 744, *supra,* when the question of the statute of limitations has been properly raised, no execution can be issued upon a judgment against which the statute of limitations has run; that the twenty-year statute of limitations is a sufficient defense to an action to obtain execution on a judgment under section 744, *supra. Strong* v. *The State, supra.* In the Strong case, the Attorney-General of Indiana filed what he designated as a complaint in the common pleas court of Whitley County which was denominated "A complaint to revive a judgment," and which the Supreme Court denominated "A complaint to revive a judgment and for execution." We have examined the original record in that case. Although the complaint is denominated "A complaint to revive judgment," the allegations thereof bring it under the statute which at that time contained the same provisions as section 744, *supra,* and was a proceeding thereunder for the issuing of an execution. After hearing the evidence in the Strong case, the lower court found for the plaintiff; that the material allegations of the complaint are true, and that the judgment against the defendant is in full force, unpaid and not satisfied. The judgment reads, "It is therefore decreed by the court that execution may issue on said judgment against said Ephraim Strong, defendant, and that he pay the costs herein accrued and expended." The appellant in the Strong case filed an answer in two paragraphs that the action did not accrue within twenty years. The

lower court sustained demurrers to these paragraphs of answer. Trial was had on the issue of general denial, and a finding and judgment as above stated was rendered. The opinion states that it was a "Judgment of revivor and for execution," but, in reality, the judgment was for the issuing of an execution. The court further said, "But in our opinion, the court erred in sustaining demurrers to the second and third paragraphs of answer. Either of them is good. If the facts are true as alleged, they constitute a good bar to the action." This case has never been criticized, distinguished, or overruled by our courts of appeal in this state, and we think it is decisive of the question in the instant case.

Counsel for appellee, as already said, rely upon the case of *Odell* v. *Green, supra,* which they contend is supported by the case of *Pensinger et al.* v. *Jarecki Mfg. Co., supra.* These two cases are readily distinguishable from the instant case.

We think what was said in the Odell case, *supra,* relative to the question under consideration therein, is clear, and that this opinion is not in conflict therewith. The court in the Odell case said:

"Appellant has directed our attention to a case in which there is a general statement to the effect that a judgment cannot be enforced after twenty years. *Brown* v. *Wuskoff* (1889), 118 Ind. 569, 577, 19 N. E. 243. But it should be understood that in any case general statements of law must be tested by the facts of that case."

The expression of the court that "In any case, general statements of law must be tested by the facts of that case" is pertinent in an analysis of the Odell case. A brief statement of the facts in the Odell case will help materially, we think, in this opinion, and at the risk of unduly extending it, we shall state some of them herein. In the first place, the Odell case was an

action to set aside, vacate, cancel, and declare void a certain judgment rendered against the appellant; and also to set aside, vacate, quash, and declare void an execution and a writ of attachment. The writ of attachment, the court said, had nothing to do with the decision, so we shall not notice it further. The court made special finding of facts, and rendered conclusions of law thereon. The special finding of facts states that the judgment under consideration was rendered September 19, 1893; that appellee, on August 12, 1912, filed an action "For a revival of said judgment and leave to obtain execution on the same, and to have execution issued thereon." The court in its opinion later said "Nor can we find in the case at bar any reason why this proceeding to obtain an execution should be characterized 'a revivor.'" We accept the theory adopted in the Odell case, that the proceeding referred to as having been brought by appellee was an action to obtain an execution on the judgment, and to have the same issued thereon. On June 6, 1913, an order was entered, and it was adjudged and decreed that an execution be issued on the judgment. Later, on July 9, 1914, an execution was issued by the clerk of the court as ordered in said proceeding of June 6, 1913. Nowhere in the special finding does it appear that the appellant filed any pleadings to the motion for the issuing of an execution. In fact, the opinion of the court intimated that no pleading raising the statute of limitations was filed, and uses this language:

"The limitation on judgments is fixed by §295, Burns 1914, §293, R. S. 1881, which provides that actions thereon shall be brought within twenty years and not afterward. To avail himself of §295, a litigant must plead the limitation therein prescribed; and to avail himself of the presumption created by §307, *supra,* he must plead payment."

Furthermore, the special finding discloses that no plea of statute of limitations would have availed, for at the time the motion was filed for the issuing of the execution under section 717, *supra* (§744, Burns Ann. St. 1926) the judgment had run less than twenty years. The motion having been filed on August 12, 1912, the judgment having been entered September 19, 1893, the twenty-year statute of limitations, even if pleaded, would not have availed, for the judgment upon which the execution was sought was less than twenty years old. In its opinion, the court says, "As against the seasonable objection of the judgment debtor, may execution issue for the collection of appellee's judgment more than twenty years after the entry thereof? The question calls for a consideration of §307, Burns 1914, §305 R. S. 1881, which reads:

"Every judgment and decree of any court of record of the United States or of this or any other state, shall be deemed satisfied after the expiration of twenty years."

It is apparent from an examination of this opinion and from the language above quoted that the real question could not have been whether an execution could issue on a judgment more than twenty years old, for the court says that the question calls for consideration of section 307 (which is section 314, Burns 1926). The only question raised in the Odell case was under said section 307, *supra,* which is not seriously contended for in the instant case; in fact, appellant says she is relying solely upon the statute of limitations, as raised under section 302, *supra.* In the Odell case, the court does say, "To avail himself of section 295 (section 302, Burns 1926), *supra,* a litigant must plead the limitation therein prescribed." In the instant case, the appellant did plead the statute of limitations under section 302, *supra.* The question was squarely before the lower

court and is now before this court. The sole question determined in the Odell case was whether an *execution* could be *issued* more than twenty years after the entry of the judgment, upon an *order entered before the twenty-year period had expired.* The question was raised therein that section 307, *supra* (314, Burns 1926) barred such a proceeding. It will be borne in mind that in the Odell case the filing of the motion for the issuing of the execution and the judgment issuing the same both occurred within twenty years from the date of the entry of the judgment; the execution itself was not actually issued until July 9, 1914, which was more than twenty years after the date of the judgment. The Odell case holds that such execution could be issued. We are in harmony with that holding, for at the time of the filing of the motion, the statute of limitations had not run and the court under section 744, *supra,* could and did enter an order for the issuing of the execution. The fact that the execution was not actually issued by the clerk, or taken out until after twenty years from the date of the judgment, could make no difference because the order, having been made before the twenty-year period had expired, was valid, and the execution issued thereon was valid. We are in accord with the holding of the court in the Odell case upon the question then before it; and, under the rule stated therein, that in any case general statements of law must be tested by the facts of that case, and applying that principle to the Odell case, it is not in conflict with the holding herein.

What the court may have said in the Odell case outside of the issue presented is not controlling. The court said, on page 78:

"The trial court found, however, that the judgment remains unpaid. Why then should the judgment creditor be denied an execution? It may be

conceded that the legislature might provide that judgments shall be kept alive as causes of action after the right to take out execution has expired; but in this state no time has been fixed beyond which execution may not issue, unless §307, *supra,* be construed as fixing such time. To put on said section the construction for which counsel contend would create, with respect to other sections to which we have referred, an incongruity which ought not to exist."

In the above quotation it will be noted that the court said, "But in this state, no time has been fixed beyond which executions may not issue, unless section 307, *supra,* be construed as fixing such time." It is true that no time has been fixed under section 307, *supra* (sec. 314, Burns 1926), or under section 744, *supra,* and under the facts in the Odell case, where the motion for the obtaining of the execution had been filed, and the judgment and order for the issuing of the execution entered within the twenty-year period of the statute of limitations, under the statute such execution could issue as was ordered. If in that case the court meant to hold that the motion for the issuing of an execution could be filed and an order entered therefor after twenty years from the entry of the judgment, as against a plea of the statute of limitations, then such language and holding was dictum, as the question was not before the court. The question that was raised and which the court decided was that section 307, *supra* (§314, Burns 1926) did not limit the time for the issuing of the execution under the facts in that case, the question of the statute of limitations not being raised or decided. The court did not hold that an execution could issue at any time after twenty years upon a judgment, when the motion for the issuing of the execution and the application therefor had been filed after twenty years from the date of the entry of the judgment, and when the question of the statute of limita-

tions had been properly raised. Therefore, the Odell case, *supra*, is readily distinguishable from the instant case, and does not support the conclusions of law of the lower court herein.

The Pensinger case, *supra*, was a suit to set aside a fraudulent conveyance as to creditors. The debt upon which the appellee based his claim for the right to have the transfer set aside was a judgment, and, at the time of the filing of his action, such judgment had run more than twenty years from the date of its entry, and a plea of the statute of limitations had been interposed to the action. The court said:

> "As preliminary to a consideration of this contention it should be observed, that this is not an action upon a judgment, to which the twenty year limitation, provided in the sixth sub-division of §295 Burns 1914, §293 R. S. 1881, applies. *Nor is it a proceeding in the original action in which the judgment in question was recovered for leave to issue execution, upon motion, after notice to the adverse party,* as provided in §717 Burns 1914, §675 R. S. 1881, as appellants state in their brief under the heading 'Nature of the Action.' *Coffin* v. *Pfau* (1915), 61 Ind. App. 384, 112 N. E. 21, 117 N. E. 869. Judging the nature of the action, as we must, from the general character and scope of the complaint, it is clear to us that the paragraph, which forms the basis of recovery in the instant case, is one seeking to set aside an alleged fraudulent conveyance, in order to enforce a judgment against the real estate attempted to be conveyed thereby."

It will be noted that the court said that this was not a proceeding in which the judgment in question was recovered for leave to issue execution, upon motion after notice, as provided in section 717, Burns 1914 (§744, Burns 1926), so that question was not before the court, and that case is readily distinguishable from the instant case.

We hold that under section 744, *supra*, a verified mo-

tion filed to obtain the issuing of an execution upon a judgment is an action, and that same must be brought within twenty years from the date of the entry of the judgment, or of the issuance of an execution thereon; and, if brought thereafter, no judgment can be rendered issuing such execution, as against the statute of limitations, when the question is properly raised. No good purpose could be served in passing upon the question raised upon the ruling on the demurrer, as the question raised upon the correctness of the conclusions of law fully disposes of that question and of the case.

Judgment of the lower court is reversed with directions to restate the conclusions of law in favor of appellant in accord with this opinion, and for other proceedings not inconsistent herewith.

Kime, C. J., and Curtis, J., dissent.