**Sandra STOCKER and Wenzell Stocker, Appellants,**

v.

**R.J. CATALDI, Appellee.**

**No. 45A03–8708–CV–225.**

Court of Appeals of Indiana, Third District.

April 19, 1988.

R. Cordell Funk, Funk & Foster, Hammond, for appellants.

Kenneth D. Reed, Abrahamson, Reed & Adley, Hammond, for appellee.

HOFFMAN, Judge.

Sandra and Wenzell Stocker are appealing the Lake County Superior Court's dismissal of their "Amended Complaint for Proceedings Supplemental." This case has a relatively intricate procedural history; however, a short recitation will facilitate understanding the present appeal.

The Stockers initially filed their personal injury action in Porter Superior Court, naming Michael Cataldi, a minor, and his, then-divorced, parents, Sharon Cataldi and R.J. Cataldi as defendants. Very generally, the Stockers' suit involved personal injuries suffered by Sandra Stocker from an auto accident with Michael Cataldi. At the time of the accident, Michael was driving a car owned by his mother. Before trial Sharon and R.J. individually moved for and were separately granted summary judgments on the issue of their respective liabilities.

The Stockers, in turn, appealed these summary judgments. This Court, in *Stocker v. Cataldi* (1985), Ind.App., 483 N.E.2d 461, *reh. den.* (1986), Ind.App., 489 N.E.2d 144 affirmed the trial court's summary judgment in favor of Sharon Cataldi, but reversed the finding of no liability as to the father, R.J. Cataldi. While this appeal was pending, the Stockers elected to proceed with their claim against Michael Cataldi in Porter Superior Court. This resulted in the Stockers recovering a cumulative judgment of $205,000.00. Michael's insurance carrier paid its policy limits of $100,000.00.

Next, the Stockers, on March 3, 1986, in Lake Superior Court, filed a "Complaint for Proceeding Supplemental" naming Michael Cataldi and "Cataldi's Restaurant" which was allegedly Michael's place of employment. This resulted in a garnishment order dated March 25, 1986. Nearly a year later, on February 23, 1987, also in Lake Superior Court, the "Amended Complaint for Proceeding Supplemental" added R.J. Cataldi as a garnishee defendant. Ultimately, on March 18, 1987, R.J. Cataldi moved to dismiss the amended complaint for lack of jurisdiction and for failure to state a claim. The trial court, after oral arguments, granted the motion to dismiss for the reason that "no judgment has been entered against R.J. Cataldi." From this decision, the instant appeal ensued.

A review of the relevant authorities demonstrates that the court properly dismissed the Stockers' amended complaint, although for reasons different than those stated. This Court is permitted to adopt alternative reasoning, since, in a case where a trial court makes findings, *sua sponte*, on some, but not all, issues, then issues not addressed in the findings are governed by the general verdict. In reviewing issues governed by a general verdict, the appellate court is free to affirm on any legal theory supported by the evidence. *See Master Abrasives Corp. v. Williams* (1984), Ind.App., 469 N.E.2d 1196.

The use of legal process to enforce a judgment is generally governed by Ind. Rules of Procedure, Trial Rule 69. As specifically pertinent here, T.R. 69(E) provides that when execution does not fully satisfy a judgment, the judgment creditor can institute proceedings supplemental to the execution. As the rule explains, "proceedings supplemental to execution may be enforced by verified motion or with affidavits in the court where the judgment is rendered...." While the rule's use of the permissive "may" creates some initial uncertainty about the appropriate court in which to file the action, the Civil Code Study Commission Comments discussing T.R. 69(E) unequivocally settle the issue.

■ The Study Commission Comments state that the court rendering the underlying judgment retains jurisdiction and venue over any proceedings supplemental. This rule, the Comments conclude, specifically abrogates prior law which situated venue for proceedings supplemental at the garnishee defendant's place of residence. Civil Code Study Commission Comments, 4 W. Harvey, Indiana Practice at 441 (1971). Consequently it was appropriate for the Lake County Superior Court to have dismissed the Stockers' complaint, although for the reason that jurisdiction was properly with the Porter County Superior Court.

■ The Stockers also argue that R.J. Cataldi has waived his jurisdictional objections. However, the record does not support this contention. While the motion to dismiss was somewhat short on reasoning, the motion did clearly challenge jurisdiction. Also while Cataldi did not argue jurisdiction at the hearing, the only mention of waiver came from the Stockers' attorney when he commented on Cataldi's failure to argue jurisdiction. Additionally the jurisdiction issue is properly argued in the appellee's brief and, accordingly, there has been no waiver of the jurisdictional issue. This resolution makes it unnecessary to discuss the propriety of, or any issues stemming from the trial court's reasons for its ruling. Finally, it is clear that a dismissal for lack of jurisdiction is without prejudice, and generally is without res judicata effect. *City of Hammond v. Bd. of Zoning Appeals* (1972), 152 Ind.App. 480, 284 N.E.2d 119. There being no other error presented, this case is affirmed.

Affirmed.

STATON and ROBERTSON, JJ., concur.