Thomas C. **BORGMAN** and Gloria Borgman d/b/a Borgman Farms, Appellants–Defendants,

v.

David **AIKENS**, Joseph J. Smith, Joseph S. Smith, and The Estate of Mary E. Smith, Appellees–Plaintiffs.

No. 69A01–9611–CV–376.

Court of Appeals of Indiana.

May 22, 1997.

Rehearing Denied July 17, 1997.

---

Neil R. Comer, Osgood, for appellants.

Joseph S. Smith, Indianapolis, for appellees.

### OPINION

BAKER, Judge.

In this interlocutory appeal, we address the question of whether a party may initiate proceedings supplemental to execution on a federal court judgment in an Indiana court prior to domesticating[1] the federal judgment. We also discuss the time period in which a party must initiate an action to domesticate a judgment and enforce a judgment through execution.

### *FACTS*

The facts in this case are largely undisputed. On January 18, 1985, appellees-plaintiffs David Aikens, Joseph J. Smith, Joseph S. Smith and the Estate of Mary E. Smith (hereinafter Smiths) obtained an agreed judgment against appellants-defendants Thomas C. Borgman and Gloria Borgman d/b/a Borgman Farms (hereinafter Borgmans) in the United States Bankruptcy Court for the Southern District of Indiana. More than ten years later, on July 11, 1995, the Smiths filed a petition to enforce the federal judgment and a verified motion for proceedings supplemental to execution in the Ripley Circuit Court. Thereafter, on December 19, 1995, the trial court dismissed the petition on the grounds that the federal court judgment was improperly indexed pursuant to IND.CODE §§ 34–1–45–2 and 33–17–2–3.

On March 20, 1996, after properly indexing the federal court judgment, the Smiths filed another petition to enforce the federal court judgment and a motion for proceedings supplemental in the Ripley Circuit Court. In

---

1. "Domesticating a judgment" refers to the process whereby a party files an action in the local trial court on a judgment obtained from another state or federal court in order to obtain a local judgment.

response, the Borgmans filed a motion to dismiss the petition for failure to state a claim upon which relief could be granted, arguing that the statute of limitations for bringing an action upon the judgment had elapsed. The Borgmans also argued that the Smiths were precluded from seeking proceedings supplemental to execution, pursuant to Ind.Trial Rule 69(E), because they had failed to domesticate the federal court judgment in the local court.

Thereafter, on September 23, 1996, the trial court denied the Borgmans' motion to dismiss, concluding as follows:

1) A judgment from a federal district court sitting within Indiana does not have to be domesticated through a separate cause of action in order for it to be recognized by an Indiana state court.

2) The federal court judgment becomes a state court judgment by operation of statute (IC 33–17–2–3(d)) so long as the statutory requirements are met.

3) The judgment is now a judgment of the Ripley Circuit Court by operation of statute.

4) Since the judgment is that of the Ripley Circuit Court by operation of statute, the judgment is "rendered" through the Ripley Circuit Court for purposes of Trial Rule 69(E). To rule otherwise would leave a federal judgment creditor with no method of enforcing a judgment which is permitted by both federal and state statutes.

5) This is not the commencement of a new action.

6) The procedural relief sought by plaintiffs is not barred by a statute of limitations. Plaintiffs have twenty (20) years from the date of judgment to bring a motion under Trial Rule 69(E).

7) Plaintiffs may utilize Trial Rule 69(E) upon this judgment.

Record at 101–02. This interlocutory appeal followed.

## DISCUSSION AND DECISION

The controversy in the present case focuses on the question of whether a party may initiate proceedings supplemental on a federal court judgment in an Indiana court without first domesticating the judgment. According to the Borgmans, proceedings supplemental under T.R. 69(E), which may be instituted within twenty years of the date of judgment, may only be initiated in the court that rendered the original judgment. Since the Smiths' judgment was rendered by a federal court and they failed to domesticate the federal judgment in the Ripley Circuit Court, the Borgmans contend that the Smiths are precluded from instituting proceedings supplemental. The Borgmans further argue that because the Smiths are precluded from initiating proceedings supplemental, their petition to enforce the judgment was subject to the statute of limitations in IND.CODE § 34–1–2–2(6), which provides that an action on a judgment must be commenced within ten years from the date the cause of action accrues. As a result, the Borgmans argue that the Smiths were barred from maintaining the present action because they failed to file their petition for enforcement within ten years of the date of judgment.

In response, the Smiths argue that 28 U.S.C. § 1962 and IND.CODE §§ 33–17–2–3 and 34–1–45–2 allow a party to initiate proceedings supplemental on a federal court judgment in an Indiana court without first domesticating the judgment. Alternatively, the Smiths argue that even if their petition for enforcement is subject to the ten-year statute of limitations, they filed it in a timely manner. The Smiths also request attorney's fees pursuant to Ind. Appellate Rule 15(G) on the grounds that the Borgmans failed to disclose all of the facts and legal authorities pertinent to the appeal.

Initially, we note our standard of review. A trial rule 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of a claim, not the facts supporting it. *Gray v. Westinghouse Electric Corp.*, 624 N.E.2d 49, 52 (Ind.Ct.App.1993), *trans. denied.* Therefore, we view the pleadings in the light most favorable to the nonmoving party and draw every reasonable inference therefrom in favor of that party. *Hill v. Beghin*, 644 N.E.2d 893, 895 (Ind.Ct.App.1994), *trans. denied.* When reviewing a ruling on a motion

to dismiss, we stand in the shoes of the trial court and must determine if the trial court erred in its application of the law. *Marsh v. Paternity of Rodgers,* 659 N.E.2d 171, 172 n. 1 (Ind.Ct.App.1995). We will affirm the trial court's denial of the motion to dismiss unless it apparent that the facts alleged in the challenged pleading are incapable of supporting relief under any set of circumstances. *Hill,* 644 N.E.2d at 895.

### I. Proceedings Supplemental

■ The use of legal process to enforce a judgment is generally governed by T.R. 69. Specifically, T.R. 69(E) provides that when a judgment creditor has no cause to believe that execution will satisfy a judgment, he can institute proceedings supplemental to execution to determine if the debtor has other property available to satisfy the judgment. Under the rule, "proceedings supplemental may be enforced ... in the court where the judgment is rendered...." T.R. 69(E). Although the use of the word "may" can create uncertainty about the proper court in which to file the action, the Civil Code Study Commission has interpreted the rule to specifically mean that the court rendering the underlying judgment retains jurisdiction over any proceedings supplemental. Civil Code Study Commission Comments, 4 W. Harvey, Indiana Practice 437 (2d ed.1991); *Stocker v. Cataldi,* 521 N.E.2d 716, 718 (Ind.Ct.App. 1988). The reason behind this jurisdictional requirement is that proceedings supplemental to execution are a continuation of the original cause and not a new, independent civil action. *National Mut. Ins. Co. v. Sparks,* 647 N.E.2d 375, 376–77 (Ind.Ct.App. 1995), *trans. denied.* As such, the validity of the underlying judgment has already been determined and proceedings supplemental may progress without a showing that execution has commenced or would be unavailing. Based on the language and policy behind the rule, we have previously held that a trial court properly dismissed a complaint for proceedings supplemental for lack of jurisdiction when it did not render the original judgment. *See Stocker,* 521 N.E.2d at 718 (Lake County Superior Court properly dismissed complaint for proceedings supplemental because judgment was rendered in Porter County Superior Court).

In the present case, the Smiths' judgment was rendered by the United States Bankruptcy Court for the Southern District of Indiana. The Smiths then sought to enforce the judgment through proceedings supplemental in the Ripley Circuit Court. However, the Smiths did not domesticate the federal judgment and, as a result, failed to obtain a judgment from the Ripley Circuit Court. Pursuant to T.R. 69(E) and *Stocker,* therefore, the trial court should have dismissed the Smiths' motion for proceedings supplemental.

Nevertheless, the Smiths contend that the interrelationship between 28 U.S.C. § 1962 (federal lien statute), I.C. § 34–1–45–2 (Indiana judgment lien statute) and I.C. § 33–17–2–3 (docketing statute) enables an Indiana state court to conduct proceedings supplemental to enforce a judgment of a federal court even if the federal judgment has not been domesticated. Under the federal lien statute, a judgment rendered by a federal district court within a state shall be a lien on the property located in the state to the same extent and under the same conditions as the judgment of a state court if the judgment is docketed or indexed in the same manner as a state judgment. The Indiana judgment lien and docketing statutes set forth the extent and manner in which a federal or state judgment becomes a lien in Indiana. In pertinent part, the Indiana judgment lien statute provides as follows:

All final judgments for the recovery of money or costs in the circuit court and other courts of record of general original jurisdiction sitting in the state of Indiana, whether state or federal, shall be a lien upon real estate and chattels real liable to the execution in the county where, and only where, such judgment has been duly entered and indexed in the judgment docket as provided by law....

The docketing statute describes the indexing requirements for filing a judgment on the judgment docket. Based on these statutes, the Smiths contend that the only prerequisite to enforcing a federal judgment through proceedings supplemental in an Indiana court is

to index the federal judgment on the local judgment docket.

Notwithstanding the Smiths argument, we cannot conclude that these provisions enable a state court to enforce proceedings supplemental on a federal judgment without first domesticating the judgment. Although the Indiana judgment lien statute provides that a properly indexed federal court judgment becomes a lien, the statute only indicates that the lien may become liable to execution; it does not make a federal judgment a local court judgment or provide for the enforcement of such liens through proceedings supplemental. Further, we believe the purpose of the judgment lien and docketing statutes was not to expand the availability of the equitable remedy of proceedings supplemental, but rather to protect a judgment creditor by providing a mechanism to notify subsequent purchasers of the debtor's property that the creditor has a valid claim on the property. Finally, we note that the purpose of the federal lien statute is only to insure that a properly indexed federal judgment is treated in the same manner as a state court judgment. As illustrated in *Stocker*, an Indiana court may only enforce a judgment from another Indiana county through proceedings supplemental if the interested party domesticates the judgment first. Therefore, a federal judgment, like the Porter County judgment in *Stocker*, cannot be enforced through proceedings supplemental in an Indiana court without first being domesticated. Under these circumstances, we hold that the trial court erred in concluding that it could enforce the Smiths' federal judgment through proceedings supplemental without first domesticating the judgment in the Ripley Circuit Court.

## II. Statute of Limitations

Although concluding that the Smiths were precluded from initiating proceedings supplemental, we must still determine whether the Smiths may enforce their judgment through other means in the Ripley Circuit Court. According to the Borgmans, the Smiths are prohibited from maintaining the present enforcement action or any other action on the judgment because they failed to file their action within ten years of the date of judgment as required by I.C. § 34-1-2-2(6).

Under I.C. § 34-1-2-2(6), an action on a judgment of a court of record must be commenced within ten years from the date that the cause of action accrued. Here, the record indicates that the Smiths entered into an agreed judgment with the Borgmans on January 18, 1985. Even assuming, as the Smiths contend, that the bankruptcy court's stay on the judgment delayed the start of the statute of limitations until August 15, 1985, the Smiths still would have had to file their action to enforce the judgment by August 15, 1995. However, the record reveals that the Smiths did not file their present petition to enforce the judgment until March 20, 1996. As a result, the Smiths' petition for enforcement and any subsequent action to domesticate the judgment for purposes of proceedings supplemental is barred by the statute of limitations.

Nevertheless, the Smiths argue that they should not be prohibited from maintaining the present action to enforce their federal judgment because their original petition for enforcement of the judgment and motion for proceedings supplemental, filed in July 1995 and within ten years from the date the stay on the judgment was lifted, was only dismissed as a result of the clerk's misfiling of the judgment on the wrong docket. We note, however, that other than the Smiths' assertion in their response to the Borgman's motion to dismiss that the clerk misfiled the judgment, nothing in the record indicates that the misfiling was the result of a clerical error. In fact, the trial court specifically indicated that the petition was dismissed because the "[p]laintiffs have failed" to "properly perfect their interest." R. at 56. Additionally, we believe that the party seeking to use judicial process to enforce its judgment is responsible to insure that the judgment is properly indexed, just as a party is responsible for properly domesticating its judgment within the proper time period in order to obtain the equitable remedies available through proceedings supplemental. Finally, nothing in the record indicates that the Smiths appealed the trial court's dismissal of

their original petition. Thus, they are precluded from now seeking relief in this court on these grounds. *See Jensen v. Laudig,* 490 N.E.2d 405, 406 (Ind.Ct.App.1986) (although trial court in prior action may have erred, such decision was not properly before Court of Appeals where party failed to appeal initial decision).

■ Finally, the Smiths argue that they may still enforce their judgment, even though more than ten years have passed since the bankruptcy court entered judgment, because once they properly indexed their judgment pursuant to the Indiana judgment lien statute, I.C. § 35–1–45–2, they obtained a lien on the Borgman's property which was enforceable in the Ripley Circuit Court for ten years from the date it was indexed. We disagree.

Although Indiana's judgment lien statute provides that a judgment shall become a lien "from and after the time the same shall be entered and indexed," it also states that the judgment shall be a lien only "until the expiration of ten (10) years from the rendition [of the judgment]. . . ." As a result, any judgment lien obtained in the Ripley Circuit Court would expire ten years after the judgment was entered in the federal court. *See also Bradfield v. Newby,* 130 Ind. 59, 60–61, 28 N.E. 619, 620 (1891) (holding that a judgment lien obtained by filing a judgment in a court other than the one in which it was rendered, expires at the same time the lien would expire in the court in which such judgment was rendered).

■ Additionally, our analysis of Indiana law compels us to conclude that a party may no longer execute on a judgment if more than ten years have elapsed since the entry of judgment. Specifically, IND.CODE § 34–1–34–2 provides that after the lapse of ten years from the entry of judgment, a party may only execute on a judgment by leave of the court. Therefore, even if the Smiths

obtained a lien on their judgment through indexing, they could not execute on the lien unless they received judicial leave. In *White v. White,* 98 Ind.App. 587, 592–93, 186 N.E. 349, 351 (1933), however, this court held that such a request constitutes an action on a judgment of a court of record. Although at the time *White* was decided the statute of limitations on an action on a judgment of a court of record was twenty years, the legislature amended the statute of limitations in 1951 and reduced the limitation period to ten years. Thus, the amended version of the statute of limitations, when read in conjunction with the holding in *White,* conflicts with I.C. § 34–1–34–2.[2]

■ Despite the fact that the statute of limitations was amended forty-six years ago, we have not found any cases which have addressed this inconsistency in the statutes. Thus, we look to our rules of statutory construction for guidance in resolving this conflict. First, we note that there is a strong presumption that the legislature did not enact a useless provision. *Althaus v. Evansville Courier Co.,* 615 N.E.2d 441, 444 (Ind. Ct.App.1993). However, we also presume that in enacting a particular piece of legislation, the legislature was aware of existing statutes covering the same area. *Id.* Therefore, although we endeavor to harmonize statutes relating to the same general subject matter, if two statutory provisions are repugnant, as in this case, then the most recent statute controls and operates to repeal the former to the extent of the repugnancy. *Id.* Here, given the more recent amendment to the statute of limitations, we conclude that the legislature clearly intended to shorten the time period for executions on judgments to ten years and has limited the court's authority to allow execution more than ten years after the entry of judgment. As a result, even if the Smiths properly indexed their judgment after the ten-year period,

---

**2.** To illustrate, under I.C. § 34–1–34–2, a party may only seek to enforce a judgment through execution, after the lapse of ten years from the entry of judgment, by leave of the court. Under the statute of limitations, however, such a re-

quest, as an action on a judgment of a court of record, must be made before the expiration of the ten-year period. I.C. § 34–1–2–2(6). Thus, the statute of limitations renders the provision of

they would be unable to execute on the lien.[3] Given the Smiths' failure to file an action on their judgment or index their judgment within ten years from the entry of judgment, the trial court erred in denying the Borgman's motion to dismiss.

### III.   Attorney's Fees

 Finally, we address the Smiths' request for attorney fees.   Specifically, the Smiths argue that they are entitled to an award of attorney's fees under App.R. 15(G) on the grounds that the Borgmans failed to disclose all of the facts and legal authorities pertinent to the appeal.   However, App. R. 15(G) specifically provides that an award of damages may be awarded to the appellee "[i]f the court on appeal affirms the judgment."   Having reversed the judgment, we deny the Smiths' request.

### CONCLUSION

In sum, we hold that proceedings supplemental, as a continuation of the original action, are not subject to the ten year statute of limitations on an action on a judgment of a court of record.   We further hold, however, that an Indiana court may only enforce a federal judgment or a judgment from another Indiana county through proceedings supplemental if the judgment is domesticated first.   Additionally, any action to domesticate such a judgment must be commenced within ten years from the date of judgment.   We also conclude that, by amending the statute of limitations on an action on a judgment of a court of record, the legislature effectively repealed the provision of I.C. § 34–1–34–2 giving a court authority to allow execution more than ten years after judgment has been entered.   As a result, a party must execute on a judgment within ten years after it has been entered, unless the party has obtained

leave of court before the expiration of the ten year period.   Finally, we deny the Smiths' request for attorney's fees under App.R. 15(G).

Judgment reversed and request for attorney's fees denied.

SHARPNACK and NAJAM, JJ., concur.

---

I.C. § 34–1–34–2 allowing a court to extend execution beyond ten years meaningless.

**3.**  Although concluding that the Smiths are precluded by the statute of limitations from executing on or maintaining an action to enforce the judgment in the Ripley Circuit Court, the Smiths are not necessarily without a remedy.  While the Smiths may not initiate proceeding supplemental in the Ripley Circuit Court, they are not precluded from seeking proceedings supplemental through the federal bankruptcy court.  Addition-

ally, we note that the judgment in the present case was an agreed judgment in which the Borgmans stated that they would pay the Smiths $200 per month until the judgment was satisfied.  The statute of limitations on an installment obligation begins to run as each installment becomes due.  *Hamlin v. Steward*, 622 N.E.2d 535, 539 n. 1 (Ind.Ct.App.1993).  As a result, the Smiths may have a claim against the Borgmans for breach of the installment agreement.