**Karen J. THORNBURG,**
**Appellant–Plaintiff,**

v.

**BALL MEMORIAL HOSPITAL,**
**INC., Appellee–Defendant.**

No. 18A05–9706–CV–246.

Court of Appeals of Indiana.

May 28, 1998.

Kurt St. Angelo, Indianapolis, for Appellant–Plaintiff.

Bonnie L. Martin, Scott E. Shockley, De Fur, Voran, Hanley, Radcliff & Reed, Muncie, for Appellee–Defendant.

## OPINION

FRIEDLANDER, Judge.

Karen J. Thornburg appeals the dismissal under Rule 12(B)(6) of the Indiana Rules of Trial Procedure of her complaint for damages against her employer, Ball Memorial Hospital (the Hospital). Thornburg presents several issues for review, one of which is dispositive of the appeal. That issue, restated, is:

Was the Hospital immune from liability pursuant to 26 U.S.C. § .6332(e) for surrendering Thornburg's property upon receipt of a Notice of Levy from the Internal Revenue Service?

We affirm.

The facts are that on November 3, 1996, the Hospital received a Form 668–W(c) Notice of Levy on Wages, Salary and Other Income (hereinafter "Notice of Levy") from the Internal Revenue Service (IRS). The IRS Notice of Levy stated that Thornburg owed $61,075.82 in taxes for the year 1991. In 1991, Thornburg earned $14,366.00 while working full-time at the Hospital. For that year, she filed a joint return with her husband, from whom she has since obtained a divorce. Pursuant to the Notice of Levy, the Hospital withholds approximately $300.00 every other week from Thornburg's paycheck.

Thornburg immediately contested the notice on both substantive and procedural grounds. The procedural grounds included allegations that the IRS: (1) failed to send Thornburg a notice of deficiency pursuant to 26 U.S.C. § 6212; (2) failed to send Thornburg notice of intent to levy pursuant to 26 U.S.C. § 6331(d); and (3) failed to assess the tax within the limitation period for tax year 1991, pursuant to 26 U.S.C. § 6501.

On February 25, 1997, Thornburg filed a Complaint for Damages, Preliminary Injunction and Permanent Injunction for Breach of Contract and Violation of Due Process against the Hospital. In her complaint, she noted that her employment was governed by an employment manual that included a provision authorizing the Hospital to deduct certain legally required deductions from an employees' pay. Thornburg challenged the legality of the deduction by setting forth the foregoing alleged procedural deficiencies in the Notice of Levy. Thornburg noted that the Hospital did not inquire into the validity of the Notice of Levy before deducting pay pursuant thereto. Thornburg alleged that the Hospital's failure to inquire before withholding pay constituted breach of the contract contained in the employment manual.

On March 18, 1997, Ball filed a Motion to Dismiss pursuant to Rule 12(B)(6) of the Indiana Rules of Trial Procedure. Thornburg appeals the granting of the T.R. 12(B)(6) motion and dismissal of her action.

At the heart of Thornburg's complaint was the allegation that the Hospital should have declined to withhold money from Thornburg's paychecks pursuant to the Notice of Levy on the basis that the notice was defective. In granting the Hospital's motion to dismiss, the trial court concluded that the

Hospital was immune from liability pursuant to 26 U.S.C. § 6332(e), which states:

> Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

Thornburg counters that 26 U.S.C. § 6332(e) does not apply to the Hospital in the instant case because the Notice of Levy was invalid for the reasons set forth previously. Thornburg devotes much of her appellate argument to attempts to persuade this court that the Notice of Levy was invalid. We conclude, however, that we need not address the validity of the Notice of Levy in order to resolve the issue of the Hospital's liability.

█ Federal law, not state law, determines whether property held by a third party must be surrendered to the IRS for payment of tax debt. *United States v. Speir,* 808 F.Supp. 829 (S.D.Ga.1992). We therefore look to federal court decisions for guidance.

Thornburg contends that the Hospital should not have honored the Notice of Levy because of alleged deficiencies in the notice. This necessarily implies that the Hospital had a duty to recognize the alleged deficiencies and oppose the IRS's request on Thornburg's behalf. Federal courts have deemed this argument meritless. In fact, the United States Supreme Court has indicated that the option to refuse a notice of levy served upon a third party is more restricted than Thornburg urges: "[A] bank served with a notice of levy has two, and only two, possible defenses for failure to comply with the demand: that it is not in possession of the property of the taxpayer, or that the property is subject to a prior judicial attachment or execution." *United States v. National Bank of Commerce,* 472 U.S. 713, 727, 105 S.Ct. 2919, 2928, 86 L.Ed.2d 565 (1985).

It was undisputed that the Hospital was in possession of property that was subject to the IRS tax levy, *i.e.,* Thornburg's salary. It was also undisputed that the property was not subject to a prior judicial attachment or execution. Therefore, pursuant to *United States v. National Bank of Commerce,* the Hospital was obligated to comply with the levy and could not have challenged the validity of the levy on Thornburg's behalf. *Id.* It follows that the Hospital cannot be held liable for having failed to do what it could not legally do.

We further conclude that it does not matter whether the levy served upon the Hospital was valid because the Hospital was immune from liability pursuant to section 6332(e). A case recently decided by the Seventh Circuit Court of Appeals addressed virtually the same question Thornburg presents here, and in a similar factual context. In *Moore v. General Motors Pension Plans,* 91 F.3d 848 (7th Cir.1996), the IRS notified the taxpayer, Moore, that he owed additional taxes, which Moore denied. The IRS then served a Notice of Levy on Wages, Salary, and other Income on Moore's bank, the National Bank of Detroit (NBD). NBD complied and surrendered to the IRS funds from Moore's account. Moore, believing the Notice of Levy was invalid, demanded that NBD restore the funds. NBD refused. Moore filed suit against NBD for conversion and negligence. The theory underlying that lawsuit was the same as Thornburg advances in the instant case, *i.e.,* that the Notice of Levy served upon NBD was invalid for a variety of reasons, and therefore that the immunity conferred by section 6332(e) did not apply.

The court concluded that section 6332(e) applied to NBD without regard to the validity of the levy, stating:

> There is no question in this case that Moore's bank account was "property subject to levy," that the IRS made a levy *(whether valid or not )* on that account, and that upon demand of the Secretary-acting through the IRS–NBD surrendered Moore's account. By its own terms, then, § 6332(e) applies to the defendants in this case; *that statute is not limited to levies*

*which survive challenges to their validity.* Moore's interpretation of § 6332(e) reads in requirements which simply are not a part of the statute. We therefore cannot accept his interpretation, and hold instead that under § 6332(e), the defendants in this suit are immune from liability to Moore.

*Moore v. General Motors Pension Plans*, 91 F.3d at 851 (emphasis supplied).

We can perceive no meaningful distinction between the facts in the instant case and the facts that confronted the court in *Moore*. We note as an aside that, even if we were empowered to ignore controlling federal law on the subject, practical considerations counsel against a rule of law such as Thornburg would have us create. Imposing upon third parties an obligation to challenge the validity of a Notice of Levy would slow the collection of legitimate tax obligations in some instances, and, in others, place innocent third-party holders of such property in a vise of liability between taxpayers and the IRS.

We therefore conclude that the Hospital was under no obligation to inquire into the validity of the notice, whether procedural or substantive in nature, but instead was obligated to comply with the levy. Pursuant to 26 U.S.C. § 6332(e), the Hospital was immune from liability for such compliance. We note, as did the court in *Moore*, that the dismissal of this suit does not preclude Thornburg from challenging the validity of the IRS's determination that she owed additional taxes for 1991. The trial court did not err in granting the Hospital's T.R. 12(B)(6) motion to dismiss.

Judgment affirmed.

SULLIVAN and KIRSCH, JJ., concur.