**Susan DAVIDSON, Appellant–Plaintiff,**

**v.**

**CROSSMANN COMMUNITIES, INC., Deluxe Homes, Inc., and Trimark Homes, Inc., Appellees–Defendants.**

**No. 49A02–9712–CV–824.**

Court of Appeals of Indiana.

Sept. 29, 1998.

---

Kurt St. Angelo, Indianapolis, for Appellant–Plaintiff.

Lante K. Earnest, Susan L. Abel, Tabbert, Hahn, Earnest, Weddle & Starkey, P.C., Indianapolis, for Appellees–Defendants.

## OPINION

GARRARD, Judge.

### Case Summary

Susan Davidson appeals the granting of a motion to dismiss filed by Crossmann Communities, Inc., Deluxe Homes, Inc., and Trimark Homes, Inc. (collectively, "Crossmann"). We affirm.

### Issue

Davidson presents two main issues as well as various sub-issues. We restate the dispositive issue as: whether Crossmann was immune from liability pursuant to 26 U.S.C. § 6332(e) for surrendering Davidson's property upon receipt of two Form 668–W(c) Notices of Levy on Wages, Salary and Other Income ("notices of levy") from the Internal Revenue Service ("IRS").

### Facts and Procedural History

Crossmann is an Indiana company which constructs and sells single family houses. From August of 1988 through January of 1997, Davidson worked as a successful [1] independent contractor selling homes for Crossmann. According to a "Sales Compensation Plan" between Davidson and Crossmann, she was to receive compensation via commission on her new home sales. Record at 10.

On or about September 29, 1996, Crossmann received an IRS notice of levy which stated that Davidson owed $304,796.39 in taxes, interest, and penalties. On or about December 3, 1996, Crossmann received another IRS notice of levy, this one indicating that Davidson owed $311,840.59 in taxes, interest, and penalties. Both notices included the following information:

The Internal Revenue Code provides that there is a lien for the amount that is owed. Although we have given the notice and demand required by the Code, the amount owed hasn't been paid. This levy requires

---

1. During 1996, she held the second highest sales record ($8,114,000) among all independent contractor salespersons at Crossmann. Record at 15.

you to turn over to us: (1) this taxpayer's wages and salary that have been earned but not paid yet, as well as wages and salary earned in the future until this levy is released, and (2) this taxpayer's other income that you have now or for which you are obligated.

\* \* \*

If you don't owe money to this taxpayer, please complete the back of part 3.

\* \* \*

If you do owe money to this taxpayer, please see the back of this page for instructions on how to act on this notice.

Record at 17, 18.

Pursuant to the notices of levy, on January 15, 1997, Crossmann paid the IRS all the money that was due and owing to Davidson, less exemptions, for that period. Approximately one week later, Crossmann terminated Davidson's contract. On January 26, 1997, Davidson's counsel formally challenged the effectiveness of the notice of levy. Thereafter, Crossmann paid the IRS all additional money that was due and owing to Davidson, less exemptions.

In March of that year, Davidson filed a complaint against Crossmann for damages and permanent injunction for breach of contract and violation of due process. In the complaint and in a later amended complaint, she alleged that Crossmann had surrendered her pay based on its receipt of invalid IRS notices of levy and had applied the notices to the wrong property in its possession. The injunctive relief count was eventually dropped.

On April 30, 1997, Crossmann filed a motion to dismiss Davidson's complaint. Davidson responded. After a hearing on the matter, the trial court filed an order of dismissal. In that July 8, 1997 order, the judge found that "Crossmann is immune from any obligation or liability to [Davidson] arising from surrender of her income to IRS" and that Davidson's "Amended Complaint fails to state or contain such claims upon which relief

can be granted[.]" Record at 66. The trial judge denied a motion to correct error filed by Davidson.

### Discussion and Decision

In its motion to dismiss and supporting memorandum, Crossmann contended that it was immune from any obligation or liability to Davidson arising from the payment of Davidson's income to the IRS. Davidson argued that the notices of levy were invalid, and that she was not paid salary or wages; thus, the notices of levy created no obligation or immunity for Crossmann to surrender her pay to the IRS.

Initially, we note our standard of review: A trial rule 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of a claim, not the facts supporting it. Therefore, we view the pleadings in the light most favorable to the nonmoving party and draw every reasonable inference therefrom in favor of that party. When reviewing a ruling on a motion to dismiss, we stand in the shoes of the trial court and must determine if the trial court erred in its application of the law. We will affirm the trial court's denial of the motion to dismiss unless it [is] apparent that the facts alleged in the challenged pleading are incapable of supporting relief under any set of circumstances.

*Borgman v. Aikens,* 681 N.E.2d 213, 216–17 (Ind.Ct.App.1997) (citations omitted), *trans. denied.*

Recently, we handed down a case which raised virtually identical issues to those argued in the present appeal. *Thornburg v. Ball Memorial Hosp.,* 694 N.E.2d 1195 (Ind. Ct.App.1998).[2] In *Thornburg,* we affirmed the dismissal of a complaint for damages brought by an employee against her employer whom she alleged should have declined to withhold money from her paychecks pursuant to a notice of levy. *Id.* at 1196. Our opinion in *Thornburg* was based on federal law because "[f]ederal law, not state law, determines whether property held by a third

---

**2.** In fact, the attorney for the plaintiff/appellant in *Thornburg* is the same attorney who represents Davidson.

party must be surrendered to the IRS for payment of tax debt." *Id.* at 1197.

Thornburg had argued that her employer, the Hospital, should not have honored a notice of levy because of alleged deficiencies in the notice. We responded:

> This necessarily implies that the Hospital had a duty to recognize the alleged deficiencies and oppose the IRS's request on Thornburg's behalf. Federal courts have deemed this argument meritless. In fact, the United States Supreme Court has indicated that the option to refuse a notice of levy served upon a third party is more restricted than Thornburg argues: "[A] bank served with a notice of levy has two, and only two, possible defenses for failure to comply with the demand: that it is not in possession of the property of the taxpayer, or that the property is subject to a prior judicial attachment or execution."

*Id.* (quoting *United State v. National Bank of Commerce*, 472 U.S. 713, 727, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985)). It was undisputed that the Hospital was "in possession of property that was subject to the IRS tax levy, *i.e.*, Thornburg's salary." *Thornburg*, 694 N.E.2d at 1197. It was also undisputed that the property was not subject to a prior judicial attachment or execution.[3] *Id.* Therefore, we concluded that the Hospital: (1) was obligated to comply with the levy; (2) could not have challenged the validity of the levy on Thornburg's behalf; and (3) could not be held liable for having failed to do what it could not legally do. *Id.* We further concluded, relying on *Moore v. General Motors Pension Plans*, 91 F.3d 848 (7th Cir.1996), that it did not matter whether the levy served upon the Hospital was valid because the Hospital was immune from liability pursuant to section 6332(e). *Thornburg*, 694 N.E.2d at 1197–98.

■ Applying similar reasoning in the present case, we conclude that Crossmann was obligated to comply[4] with the levies and could not have challenged the validity of them on Davidson's behalf. Crossmann cannot be held liable for having failed to do what it could not legally do. Further, it is of no consequence whether the levies served upon Crossmann were valid because Crossmann is immune from liability pursuant to section 6332(e).

While *Thornburg* disposes of almost every issue raised by Davidson's appeal, we discern two additional issues which require more explanation. First, Davidson claims that pursuant to 26 U.S.C. § 6331(b), the IRS notices of levy applied only to her property which was in Crossmann's possession *when the levies were made in 1996*. Thus, they did not apply to her 1997 paychecks. Second, Davidson asserts that because she was an independent contractor, she did not possess salary or wages to which the continuing levy provision would apply. We are unpersuaded by either of these arguments.

■ The latter argument reveals one of the few distinctions between Davidson's case and Thornburg's. Unlike the plaintiff in *Thornburg*, Davidson does dispute whether Crossmann was "in possession of property that was subject to the IRS tax levy." *See Thornburg*, 694 N.E.2d at 1197. Specifically, Davidson points out that she was an independent contractor who earned commissions rather than an ordinary employee on salary.[5] It follows then, according to Davidson, that "she did not earn a salary or wages" as the terms are used in the continuing levy provisions of 26 U.S.C. § 6331. Davidson's brief at 22. Thus, the continuing levy provision is inapplicable to Davidson's pay and Crossmann should not have surrendered her commissions to the IRS.

Davidson makes a distinction without a difference. Davidson's argument is with the IRS. Crossmann is immune from any liability for reading "salary and wages" to include commissions. In any event, in view of the

---

3. Neither party in the present appeal disputes that Davidson's money was not subject to a prior judicial attachment or execution.

4. Noncompliance would have subjected Crossmann to liability for Davidson's property not surrendered, plus a penalty of 50% of the value

of the property not surrendered. 26 U.S.C. § 6332(d)(2).

5. Rather than being an independent contractor, Thornburg worked full-time as an employee of the Hospital.

following provisions, we sincerely doubt commissions are *not* subject to levy.

(a) Authority of Secretary. If any person liable to pay any tax neglects or refuses to pay ... it shall be lawful for the Secretary to collect such tax ... by levy upon all property and rights to property ... belonging to each person ... for the payment of such tax....

\* \* \*

(e) Continuing levy on salary and wages. The effect of a levy on salary or wages payable to or received by a taxpayer shall be continuous from the date such levy is first made until such levy is released under section 6343.

26 U.S.C. § 6331.

Continuing levies and successive seizures—(1) Continuing effect of levy on salary and wages. A levy on salary or wages has continuous effect from the time the levy originally is made until the levy is released pursuant to section 6343. For this purpose, *the term salary or wages includes compensation services paid in the form of fees, commissions,* bonuses, and similar items. *The levy attaches to* both salary or wages earned but not yet paid at the time of the levy, advances on salary or wages made subsequent to the date of the levy, and *salary and wages earned and becoming payable subsequent to the date of the levy, until the levy is released* pursuant to section 6343 ...

Treas. Reg. § 301.6331–1(b) (emphases added); *see also U.S. v. Jefferson–Pilot Life Ins. Co.,* 49 F.3d 1020 (4th Cir.1995) (agreeing that commissions paid to an independent contractor are subject to a continuing levy under § 6331(e)).

As for Davidson's former argument, the clear language within the notices of levy required Crossmann to apply Davidson's current and future paychecks to her IRS debt. To reiterate, the notices provided:

This levy requires you [Crossmann] to turn over to [the IRS]: (1) [Davidson's] wages and salary that have been earned but not paid yet, *as well as wages and salary earned in the future until this levy is released,* and (2) [Davidson's] other in-

come that you have now or for which you are obligated.

Record at 17, 18. Crossmann, reading wages, salary, and income to include commissions, cannot be faulted for following the notice and forwarding Davidson's 1997 pay. In drafting its notice forms, the IRS interpreted the tax code to permit future pay to be levied until the IRS released its levies. Therefore, any argument Davidson has with the taking of her 1997 pay should be directed toward the IRS. Under section 6332(e), Crossmann is immune from any obligation or liability to Davidson for surrendering her property to the IRS pursuant to a notice of levy.

The motion to dismiss was properly granted.

Affirmed.

RUCKER and NAJAM, JJ., concur.

