**ALLSTATE FINANCIAL CORPORATION,**
Plaintiff,

v.

**UNITED STATES of America and United States Postal Service, Defendants.**

Civ. No. 4–93–1219.

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 17, 1994.

Jeff Howard Eckland, Thomas L. Kimer, and William L. Roberts, Faegre & Benson, Minneapolis, MN, for plaintiff.

Robert Small, U.S. Atty. Office, Minneapolis, MN, Jeannine Renee Lesperance, U.S. Dept. of Justice, Washington, DC, Cary L. Katznelson, Chicago, IL, J. Christopher Kohn, and Robert M. Hollis, U.S. Dept. of Justice, Civ. Div., Washington, DC, for defendants.

## ORDER

DOTY, District Judge.

This matter is before the court on defendants' motion for judgment on the pleadings, or, in the alternative, summary judgment. Based on a review of the file, records and proceedings herein, and for the reasons stated below, the court grants the motion based on statutory immunity.

## BACKGROUND

In late 1991, Allstate Financial Corporation ("Allstate") agreed to provide financing to Dittrich of Minnesota, Inc. ("Dittrich") and Zappia Transportation Services, Inc. ("Zappia"). Dittrich and Zappia had contracts with the United States Postal Service ("USPS") to transport mail. On November 26, 1991, Allstate entered into Accounts Re-

ceivable Factoring and Security Agreements with Dittrich and Zappia.[1]

Under these agreements, Dittrich and Zappia purported to assign their account receivables, including monies due under the USPS contracts, to Allstate. Dittrich and Zappia also granted Allstate a security interest in their tangible and intangible property. Allstate perfected the security interest on December 4, 1991, and promptly notified the USPS of its interest. The assignments were executed on December 5, 1991, and copies were sent to the USPS contracting officer. The USPS contracts prohibited assignment absent written approval. No written acknowledgement of the assignments was given by the USPS although Allstate contends that oral assurances were made.

The USPS received seven notices of levy dated February 5 and 6, 1992. The levies identified Dittrich as the person alleged to owe unpaid taxes. Five of the seven levies also named Zappia as an alter ego or nominee of Dittrich. The levies demanded that the USPS withhold over one million dollars to cover assessed and unpaid tax liabilities. The USPS withheld payments due Dittrich under the contracts and, in accordance with the levies, surrendered $1,026,025.80 to the IRS on May 5, 1992.

Allstate brought suit against the USPS alleging that it knew of the assignments and wrongfully honored the levies. Allstate also named the United States of America as a defendant and asserted two claims under the Federal Tort Claims Act based on the conduct and activities of the USPS. Defendants seek judgment on the pleadings or summary judgment on several grounds. The court addresses only the issue of statutory immunity.

## DISCUSSION

■ A motion for judgment on the pleadings is analogous to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Both motions test the sufficiency of the complaint.

When analyzing a motion for judgment on the pleadings, the court looks to the complaint as pled. The complaint must be liberally construed and viewed in the light most favorable to the plaintiff. The court will dismiss a complaint only when it appears the plaintiff cannot prove any set of facts that supports the claim. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

■ The court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The court views the evidence in favor of the nonmoving party and gives that party the benefit of all justifiable inferences that can be drawn in its favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

### 1. Effect of Honoring Tax Levies

■ When a taxpayer is delinquent in paying taxes, section 6321 of the Internal Revenue Code empowers the government to impose a lien on "all property and rights to property" belonging to the taxpayer. 26 U.S.C. § 6321. To enforce its lien, the government may initiate an administrative levy under section 6331(a). An administrative levy is only a provisional remedy. It does not determine whether the government's rights to the property are superior to others; it merely gives the government temporary custody of the property to protect against diversion or loss until claims against the property are resolved. *United States v. National Bank of Commerce*, 472 U.S. 713, 721, 105 S.Ct. 2919, 2924, 86 L.Ed.2d 565 (1985).

■ A third party in possession of property upon which a levy has been issued must surrender the property or rights to property subject to levy. 26 U.S.C. § 6332(a).[2] There

---

**1.** A factoring agreement enables firms such as Dittrich and Zappia to sell or transfer its accounts receivable in exchange for loans or other financing.

**2.** 26 U.S.C. § 6332(a) provides that:
[A]ny person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been

are two, and only two, possible defenses for failure to comply with a tax levy. *See National Bank of Commerce*, 472 U.S. at 721–22, 105 S.Ct. at 2925. First, it is a defense that the property is already subject to judicial attachment or execution. 26 U.S.C. § 6332(a). The other defense is that the third party is neither "in possession of" nor "obligated with respect to" property or rights to property belonging to the taxpayer. *National Bank of Commerce*, 472 U.S. at 722, 105 S.Ct. at 2925. "Under the second defense, even if others claim an interest in the property and the taxpayer's interest may be quantified as a mere modicum," the property must be surrendered until ultimate ownership can be resolved. *Congress Talcott Corp. v. Gruber*, 993 F.2d 315, 319 (3rd Cir.1993) (citing *National Bank of Commerce*, 472 U.S. at 727–28, 105 S.Ct. at 2928).

■ A third party who honors a tax levy and surrenders the property levied upon has no liability arising from its compliance with the levy. *National Bank of Commerce*, 472 U.S. at 721, 105 S.Ct. at 2924. Section 6332(e) provides that a third party who honors a levy, is "discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment." 26 U.S.C. § 6332(e).[3] Failure to comply with a tax levy, however, may render the third party personally liable to the government and subject that party to additional penalties.

■ The USPS argues that section 6332(e) affords it immunity from the present action. Allstate asserts that section 6332(e) does not apply because at the time of the levies the USPS held no property "subject to levy." The court rejects Allstate's narrow reading of the statutory language. The

phrase "subject to levy" as used in the tax code simply denotes property amendable to levy. The payments due to Dittrich under the USPS contracts are a species of property "subject to levy" within the meaning of sections 6331 and 6332.

Allstate also contends that at the time of the levies the USPS was not "in possession of" property or rights to property belonging to Dittrich. Allstate argues that the assignments from Dittrich and Zappia divested them of any interest in the accounts receivable or the monies payable under the USPS contracts. Thus, Allstate maintains that the levies were wrongful and that the USPS should have honored the assignments of which it had notice.

■ The fact that Allstate has challenged the validity of the levy does not alter the obligation of the USPS to honor the levies. *Schiff v. Simon & Schuster, Inc.*, 780 F.2d 210, 212 (2d Cir.1985). In general, competing claims of ownership to the property levied upon is not a legitimate statutory defense. *National Bank of Commerce*, 472 U.S. at 727, 105 S.Ct. at 2928. For the moment, the court will assume without deciding that the assignments were valid. Allstate argues that if a party has a valid defense to a levy, it must refuse to honor the levy and assert the defense. The caselaw relied on by Allstate does not support this proposition. Rather, the cases cited concern whether third parties who fail to honor a tax levy should be liable to the government.[4]

■ The court concludes that federal law does not require a third party, like the USPS, to refuse to honor a levy even if it may have a valid defense to compliance. A third party in possession of property upon which levy has been made proceeds at its

made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

**3.** 26 U.S.C. § 6332(e) states that:

Effect of honoring levy—Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon de-

mand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary ... shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

**4.** *See United States v. General Motors Corp.*, 929 F.2d 249 (6th Cir.1991); *United States v. First Interstate Bank of Idaho, N.A.*, 793 F.Supp. 934 (D.Idaho 1992).

own peril if it refuses to honor the levy. The USPS was not legally obligated to undertake that risk, especially given the doubtful circumstances that existed here. The USPS surrendered the property to the IRS pursuant to the levies. Even if the property was erroneously or mistakenly surrendered, the court holds that section 6332(e) protects the USPS from any liability arising from the surrender of the property.

## CONCLUSION

By complying with the tax levies the USPS was discharged from "any obligation or liability" arising from its surrender to the IRS of monies due under the USPS contracts. The United States is also entitled to a dismissal as Allstate's conversion and negligence claims are based on the conduct and activities of the USPS. Allstate's recourse, if any, lies in its wrongful levy action against the government. *Allstate Financial Corp. v. United States of America,* Civ. 4–93–959 (D.Minn.). Accordingly, **IT IS HEREBY ORDERED** that defendants' motion for judgment on the pleadings, or, in the alternative for summary judgment is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**