Donald E. MOORE, Plaintiff–Appellant,

v.

GENERAL MOTORS PENSION PLANS, General Motors Corporation, National Bank of Detroit, (N.B.D. BANK NA), et al., Defendants–Appellees.

No. 95–3133.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 29, 1996.*

Decided March 8, 1996.

Publication Ordered July 29, 1996.**

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a); Cir. R. 34(f).

\*\* This decision was released on March 8, 1996 as an unpublished order pursuant to Cir. R. 53(b). The court has decided to reissue the decision as a published opinion.

Donald E. Moore, Markleville, IN (submitted on briefs), pro se.

Roderick Gillium, General Motors Corporation, Detroit, MI, for General Motors Pension Plans.

Daniel G. Galant, General Motors Corporation, Detroit, MI, for General Motors Corporation.

Steven L. Yount, NBD National Bank, Indianapolis, IN, for National Bank of Detroit, Diane L. Lingenfelter, Charles Miline.

Roderick Gillium, General Motors Corporation, Detroit, MI, Steven L. Yount, NBD National Bank, Indianapolis, IN, for Does 1–10.

Before POSNER, Chief Judge, and MANION and KANNE, Circuit Judges.

PER CURIAM.

The IRS claims that Donald Moore owes federal income taxes; Moore denies that he does. After the IRS failed to collect the taxes directly from Moore, it served a "Notice of Levy on Wages, Salary, and Other Income" on National Bank of Detroit (NBD), Moore's Bank. As it believed it was required to under 26 U.S.C. § 6332, NBD turned over to the IRS $12,540 from Moore's account.

Moore believed the Notice of Levy was invalid and that NBD therefore wrongfully gave his deposits to the IRS. He demanded that NBD restore the funds, but NBD re-

fused. Moore then filed this suit for conversion and negligence, seeking damages totaling over $300,000. He named as defendants NBD, Diane Lingenfelter (an NBD employee) and Charles Milne (an NBD officer). He also named as defendants General Motors Corporation (GM) and General Motors Pension Plans (GMPP). Moore draws a pension from GMPP which is deposited in NBD, but it is unclear from the record on what basis Moore seeks to hold GM or GMPP liable. Finally, Moore named as defendants "Does 1–10," described as "those defendants, individuals, corporations, associates, accessories and otherwise, specifically unknown to the plaintiff, yet to be named, who have acted beyond the scope of their authority and will be revealed under discovery as the facts are discovered."

In order to substantiate his claim that the Notice of Levy was invalid, Moore served subpoenas duces tecum upon two IRS employees. Upon the IRS's motion, the district court quashed the subpoenas. The court denied Moore's motion for reconsideration, and then granted summary judgment in favor of the defendants, holding that they were immune from suit under 26 U.S.C. § 6332(e), which immunizes from liability any party who—in response to a levy—turns over to the IRS funds or property belonging to a delinquent taxpayer. This appeal followed.

■ Before reaching the merits of Moore's appeal, however, we must address the subject matter jurisdiction of the district court. Although Moore asserted various statutory bases for federal jurisdiction, he names as defendants only private parties and his cause of action arises solely under state law. Thus, the only basis for the district court's jurisdiction—and apparently the one relied upon below-was diversity jurisdiction, 28 U.S.C. § 1332. Moore is a resident of Indiana. Lingenfelter and Milne are residents of Michigan. Moore's complaint alleged that GM had "[a] place of domicile in Flint, Michigan with [a] subsidiary in Anderson, Indiana," and that NBD had a "domicile in Detroit, Michigan with branches in Indiana." These allegations are deficient—a corporation does not have a domicile; rather, its citizenship for diversity purposes is determined by its place of incorporation and its principal place of business. Nonetheless, the defendants' appellate brief states that GM and GMPP are incorporated in Delaware and have principal places of business in Michigan, and that NBD is both incorporated in and has a principal place of business in Michigan. Thus, it appears that there was complete diversity so far as the named parties were concerned.

■ The problem with Moore's suit is that he also named as defendants "Does 1–10." Because diversity jurisdiction must be proved by the plaintiff rather than assumed as a default, *Pollution Control Industries of America v. Van Gundy*, 21 F.3d 152, 155 (7th Cir.1994), this court cannot presume that Does 1–10 are diverse with respect to the plaintiff. This is not a case, however, where the plaintiff knows that there are specific additional defendants he wishes to sue, but is simply uncertain as to their names. Rather, Moore appears to have included "Does 1–10" in the complaint in the event that during discovery he identified any additional defendants he wished to add to the suit. The district court terminated discovery and dismissed Moore's suit before he could add any additional defendants. Because, as we hold below, the district court correctly dismissed this suit before Moore named any additional parties, we think it proper to treat "Does 1–10" as mere nominal parties, whose presence does not affect diversity jurisdiction. *United States Fire Ins. Co. v. Charter Financial Group*, 851 F.2d 957, 958 n. 3 (7th Cir. 1988). Hence, we conclude that the district court had diversity jurisdiction to hear this suit.

■ Turning now to the merits of Moore's appeal, Moore appears to allege two bases for error in the district court. We will first address Moore's second claim on appeal: that the Notice of Levy served upon NBD was invalid for a variety of reasons, and therefore the immunity conferred by 26 U.S.C. § 6332(e) does not apply to the defendants. Moore argues that the defendants had a duty both to recognize these alleged deficiencies in the levy and to oppose the IRS on his behalf. Because the defendants failed to challenge the validity of the levy,

Moore concludes, the immunity conferred by § 6332(e) does not protect them.

■ This line of argument is meritless. Once the IRS served a Notice of Levy on NBD, the bank had a legal obligation under § 6332(a) to turn over to the IRS Moore's accounts; NBD could not challenge the validity of the levy. "[A] bank served with a notice of levy has two, *and only two*, possible defenses for failure to comply with the demand: that it is not in possession of the property of the taxpayer, or that the property is subject to a prior judicial attachment or execution." *United States v. National Bank of Commerce*, 472 U.S. 713, 727, 105 S.Ct. 2919, 2928, 86 L.Ed.2d 565 (1985) (emphasis added). Moore's challenge to the validity of the levy did not alter NBD's obligation to comply with the levy, *Schiff v. Simon & Schuster, Inc.*, 780 F.2d 210, 212 (2d Cir. 1985); *Allstate Financial Corp. v. United States*, 860 F.Supp. 653, 656 (D.Minn.1994), and thus, NBD could not have challenged the validity of the levy on Moore's behalf. NBD cannot be held liable for having failed to do what it could not legally do.

■ Furthermore, regardless of whether or not the levy served on NBD was valid, NBD and the other defendants are immune from liability. *Allstate Financial Corp.*, 860 F.Supp. at 657. Section 6332(e) provides that:

> [a]ny person in possession of [property] subject to levy upon which a levy has been made who, upon demand by the Secretary [of the Treasury], surrenders such [property] to the Secretary ... shall be discharged from any obligation or liability to the delinquent taxpayer....

26 U.S.C. § 6332(e). There is no question in this case that Moore's bank account was "property subject to levy," that the IRS made a levy (whether valid or not) on that account, and that upon demand of the Secretary—acting through the IRS—NBD surrendered Moore's account. By its own terms, then, § 6332(e) applies to the defendants in this case; that statute is not limited to levies which survive challenges to their validity. Moore's interpretation of § 6332(e) reads in requirements which simply are not a part of the statute. We therefore cannot accept his interpretation, and hold instead that under § 6332(e), the defendants in this suit are immune from liability to Moore. The district court therefore correctly granted summary judgment in favor of the defendants.

■ Returning now to Moore's first ground for appeal, Moore claims that the district court denied him due process by dismissing his suit before he could conduct discovery upon the IRS and potentially join it as a defendant. The flaw in this claim is that it conflates Moore's ongoing disagreement with the IRS with his present suit against the defendants. Although related to some degree, these are two separate matters. Proof that the levy was invalid would not have abrogated the defendants' immunity from suit. Because, as discussed above, Moore could not have prevailed in this suit against the defendants, there would have been no value to allowing discovery to proceed. It is not a violation of due process to terminate quickly a suit that has no chance of succeeding.

Moreover, dismissal of this suit does not preclude Moore from pursuing his claim against the IRS—thus, Moore can still have his day in court to challenge the validity of the levy under 26 U.S.C. § 7432. Indeed, the record indicates that Moore is (or at least was) a plaintiff in a class action suit filed against the IRS in the United States District Court for the District of Utah. Thus, Moore is assured of all the process he is due.

AFFIRMED.