**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 12 2000**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

BONNEVILLE DISTRIBUTING, a
Utah corporation,

     Plaintiff-Counter-Defendant-
     Appellant,

v.

TRIANGLE OIL COMPANY,

     Defendant,

and

GREEN RIVER DEVELOPMENT
ASSOCIATES, a Utah corporation;
WILLIAMS S. GREAVES, an
individual; STANLEY DEWAAL, an
individual,

     Defendant-Counter-Claimant-
     Appellee.

No. 98-4147
(D.C. No. 97-CV-071-S)
(Utah)

# ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **BRISCOE** and **MURPHY**,.

This action was brought in state court by Bonneville Distributing, Inc. against Green River Development Associates, Inc for breach of contract, conversion, breach of fiduciary duty, and fraud arising out of a joint venture agreement for the operation of Westwind Truck Stop in Green River, Utah. The joint venture was originally between Triangle Oil, Inc. and Green River, but Triangle's interest was assigned in 1990 to Bonneville. At the time of the assignment, Triangle's property was subject to tax liens filed by the United States against Triangle. Given these tax liens and a subsequent tax levy filed by the United States against the joint venture, Green River filed a counterclaim in this action naming the United States as an additional defendant and seeking declaratory relief with respect to whether Bonneville or the United States was entitled to receive payments from the joint venture. The district court granted summary judgment in favor of the United States against Triangle and Bonneville

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and in favor of Green River against Bonneville. Bonneville appeals only the judgment in favor of Green River. We affirm in part and reverse in part.

**I**

In 1987, the IRS filed a tax lien against Triangle for unpaid excise taxes in the amount of $1,166,206.13. It subsequently assessed this income tax liability against Triangle along with penalty and interest. Doug Allred owned 90 percent of Triangle's stock and his two children owned the remainder. Triangle owned all of the stock in Bonneville. In 1988 while Triangle was in financial difficulty, Allred transferred all of the Bonneville stock from Triangle to his children. On January 1, 1990, Triangle transferred its interest in the joint venture to Bonneville with Green River's consent. At that time, Doug Allred was the president of Triangle and the general manager of Bonneville, and he was aware of the IRS tax lien filed against Triangle.

In August 1993, the IRS sent notices of tax levy to Green River's attorney and to the joint venture's attorney. The notices listed Triangle as the taxpayer then owing the total amount $2,746,028.08, and stated: "This levy requires you to turn over to us this person's property and rights to property (such as money, credits, and bank deposits) that you have or which you are already obligated to pay this person." App. at 223, 226. In 1994, Green River asked the IRS whether

it considered Bonneville's interest in the joint venture, acquired from Triangle with knowledge of the recorded tax lien, as subject to the liens and levy against Triangle's property. Receiving no response, Green River inquired again in June 1995. In the 1995 letter to the IRS, counsel for Green River stated, "Frankly, at this point our client does not much care which position the Internal Revenue Service takes, just so they take one." *Id.* at 448.

In response, the IRS informed Green River of its position that the 1993 levy applied to Bonneville's interest in the joint venture. In August 1995, the IRS reiterated its position and informed Green River that if the joint venture were to be dissolved, payment for Bonneville's interest should be made to the IRS. In December 1995, the IRS issued another notice of levy listing Triangle as the taxpayer and the amount due as $3,774,075.27.

In late December 1995, Green River, as the managing partner of the joint venture, adopted a dissolution plan. The plan valued Bonneville's interest in the joint venture at $220,000 and stated it would tender to the IRS the funds to be distributed to Bonneville under the plan. The IRS reviewed the plan and agreed to accept the money in full satisfaction of the levies served on Green River. In April 1996, Green River paid the IRS $92,079.02 as a portion of Bonneville's share, and began making monthly payments of $2,500 to the IRS.

Bonneville filed this action in state court against Green River claiming that it had breached the joint venture contract and had defrauded Bonneville of the full value of its interest. Green River interpleaded the United States and asked the court to declare the value of Triangle's interest in the joint venture and to quiet title to that interest in either Bonneville or the United States. The government removed the case to federal court and subsequently filed a separate complaint against Triangle, Bonneville and Green River asking the court to reduce to judgment its assessment against Triangle, to declare that Bonneville acquired Triangle's interest in the joint venture subject to the tax liens, and to foreclose the liens. It also sought to set aside as fraudulent the transfer of the joint venture interest from Triangle to Bonneville.

The government and Green River both filed motions for summary judgment. Bonneville essentially conceded the government's motion, stating in its response that "Triangle and Bonneville have no objection to the entry of summary judgment in favor of the United States for a judgment against Triangle for the amount of the tax lien and an order determining that Bonneville's joint venture interest is subject to the tax lien." App. at 475. However, Bonneville objected to foreclosing the joint venture interest or ordering a sale of that interest until the court determined whether the tax levy had served to divest Bonneville of its entire joint venture interest. *Id.*

With respect to Green River's motion for summary judgment, Bonneville took the position that the tax levy did not divest Bonneville of its interest in the joint venture. It contended that Green River improperly dissolved the joint venture, improperly valued Bonneville's interest therein, and still owed Bonneville money in excess of the $220,000 Green River had agreed to pay the IRS. The district court decided these issues as a matter of law against Bonneville and entered summary judgment for Green River. It held that all of Bonneville's claims against Green River were barred because it had not filed a wrongful levy suit pursuant to 26 U.S.C. § 7426[1] in response to any of the IRS levies and was therefore precluded from later challenging the service or scope of the levies. Relying on *Kane v. Capital Guardian Trust Co.,* 145 F.3d 1218 (10th Cir. 1998), the court concluded that upon service of a notice of levy the IRS steps into the taxpayer's shoes and acquires the taxpayer's rights to the property in question,

---

[1]I.R.C. § 7426 provides in relevant part:

(a) Actions permitted.
    (1) Wrongful levy. – If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.

26 U.S.C. § 7426(a)(1).

here the interest in the joint venture that Bonneville acquired from Triangle subject to the liens. As a result, the court reasoned, the IRS succeeded to Bonneville's right to consent to the dissolution of the joint venture and the valuation of Bonneville's interest therein. The court held that Green River was statutorily obligated by 26 U.S.C. § 6332[2] to pay over Bonneville's interest in the joint venture to the IRS. Finally, the court held that there was no evidence Green

---

[2]I.R.C. § 6332 provides in relevant part:

(a) **Requirement.** Except as otherwise provided in this section, any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

* * * *

(d) **Enforcement of levy.**

(1) **Extent of personal liability.** Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at the underpayment rate established under section 6621 from the date of such levy. . . .

26 U.S.C. § 6332(a), (d).

River acted in bad faith in complying with the levy, and that it was therefore immune from suit by the taxpayer (or Bonneville) pursuant to 26 U.S.C. § 6332 (e).[3]

## II

Internal Revenue Code § 6331(a) authorizes the IRS to collect the taxes of a delinquent taxpayer "by levy upon all property and rights to property . . . belonging to such person or on which there is a lien." It is undisputed that Bonneville took Triangle's interest in the joint venture subject to the existing tax lien filed against Triangle. Consequently, when the IRS served the levy on counsel for the joint venture for taxes owed by Triangle, the levy attached to the interest of Triangle that had been transferred to Bonneville. Once the levy was served, the IRS effectively stood in the shoes of Bonneville and acquired

---

[3]I.R.C. § 6332(e) provides:

> (e) **Effect of honoring levy.** Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

26 U.S.C. § 6332(e).

constructive possession of whatever rights Bonneville had in joint venture assets in the possession of Green River. *See United States v. National Bank of Commerce,* 472 U.S. 713, 720, 725-26 (1985); *Kane,* 145 F.3d at 1221; *United States v. Bell Credit Union,* 860 F.2d 365, 368 (10th Cir. 1988).

IRC § 6332(e) provides that one who honors a levy, as Green River did here, "shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment." *See also Moore v. General Motors Pension Plans*, 91 F.3d 848, 850-51 (7th Cir. 1996) (§ 6632 shields third party from claims that levy was defective). The IRS has interpreted this statutory defense very broadly:

> [I]f the delinquent taxpayer has *an apparent interest* in property or rights to property, a person *who makes good faith determination* that *such property or rights to property in* his or her possession has *been levied upon* by the Internal Revenue Service *and who surrenders the property* to the United States in response to the levy *is relieved of liability to a third party who has an interest in the property or rights to the property, even if it is subsequently determined that the property was not properly subject to levy*.

26 C.F.R. § 301.6332-1(c)(2)(emphasis added). Bonneville admitted when it conceded summary judgment to the IRS that its joint venture interest was subject to the federal tax lien. Green Rivers' persistence in contacting the IRS to determine its position as to whether Bonneville's interest in the joint venture was

subject to Triangle's tax lien establishes its good faith. Consequently, Green River is entitled to the protection of section 6332(e).

Having carefully reviewed the record, the briefs of the parties, and the case law, we affirm the judgment of the district court on all issues relating to Green River's honoring of the federal tax levies by the IRS against Bonneville's interest in the joint venture. However, we reverse the judgment of the district court insofar as it dismissed with prejudice all of Bonneville' state law claims against Green River. The district court did not deal separately with these claims in its summary judgment order. On this record, we are not persuaded that all of Bonneville's state law claims are necessarily subsumed in Green River's section 6332(e) defense. We therefore remand these claims for further consideration by the district court.

We **AFFIRM** the judgment of the district court in part, **REVERSE** in part, and **REMAND** Bonneville's state law claims for further consideration in light of this opinion.

ENTERED FOR THE COURT

Stephanie K. Seymour<br>Chief Judge