**Timothy E. HOLZ, Plaintiff–Appellant,**

v.

**TERRE HAUTE REGIONAL HOSPITAL and Nurse Doe I, Defendants–Appellees.**

No. 03–4279.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 10, 2004.*

Decided Jan. 13, 2005.

---

* After an examination of the brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. *See* Fed. R.App. P. 34(a)(2).

Timothy E. Holz, Pollock, LA, pro se.

Before HPOSNER, KANNE, and SYKES, Circuit Judges.

## ORDER

Timothy Holz, a federal prisoner, filed a complaint in the district court claiming that the Terre Haute Regional Hospital and a supervisory nurse, identified only as "Nurse Doe," were "deliberately indifferent" to his medical needs and grossly negligent when they allowed an oral surgeon to operate on his jaw without obtaining more x-rays after the ones previously made could not be located. Along with the complaint, Holz submitted a motion to proceed in forma pauperis. The district court granted the motion and assessed an initial partial filing fee of $1.07. When after six weeks Holz still had not paid the fee, the district court dismissed the case without prejudice for failure to prosecute. Holz appeals the dismissal.

Holz raises two arguments on appeal, but we are concerned with a more fundamental issue, federal subject matter jurisdiction. In his complaint Holz describes his lawsuit as arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and state tort law. Under *Bivens,* federal prisoners can obtain relief for constitutional violations committed by federal employees by suing them in their individual capacity. *Bunn v. Conley,* 309 F.3d 1002, 1009 (7th Cir.2002). And if this were truly a *Bivens* action, there would be federal question jurisdiction under 28 U.S.C. § 1331 and, consequently, supplemental jurisdiction over the state tort claim under 28 U.S.C. § 1367(a).

But this is not a *Bivens* suit. Terre Haute Regional Hospital and Nurse Doe are not federal employees or agents. The hospital is privately owned, and Nurse Doe works there as a supervisory nurse. A *Bivens* claim cannot be brought against a private entity (or individual), even if it is a federal contractor. *Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 63, 66 & n. 2, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001); *Muick v. Glenayre Elec.,* 280 F.3d 741, 742 (7th Cir.2002). For the case to remain in federal court, then, jurisdiction must arise under 28 U.S.C. § 1332, the diversity statute. The complaint fails to allege the citizenship of the parties. Under different circumstances we might give him an opportunity to remedy this omission by amending his complaint if in fact he can, *see* 28 U.S.C. § 1653; *Hart v. Schering–Plough Corp.,* 253 F.3d 272, 274 (7th Cir. 2001), but by naming Nurse Doe as a defendant, Holz defeated diversity jurisdiction because "the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship." *Howell v. Tribune Entm't*

*Co.,* 106 F.3d 215, 218 (7th Cir.1997). "John Doe" defendants are not allowed in federal diversity suits, *id.; see Moore v. General Motors Pension Plans,* 91 F.3d 848, 850 (7th Cir.1996) (per curiam), subject to a couple general exceptions—when "John Doe" is irrelevant to diversity jurisdiction, *Moore,* 91 F.3d at 850, or when naming "John Doe" will not defeat the named defendant's right to remove the case to federal court, 28 U.S.C. § 1441(a). *Howell,* 106 F.3d at 218. Because these exceptions are not applicable to Holz's case, diversity jurisdiction is defeated.

The district court's judgment is MODIFIED to reflect that the dismissal is on the ground of want of jurisdiction. As modified, the judgment of dismissal is AFFIRMED.