ELD-041                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1660
_____

UNITED STATES OF AMERICA; MARY ARNDT, REVENUE OFFICER OF THE
INTERNAL REVENUE SERVICE

v.

EBERT G. BEEMAN

v.

GE CLIENT BUSINESS SERVICES; ED PATTISON; KEITH SHERIN

Ebert G. Beeman,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil No. 09-cv-00158)
District Judge:  Honorable Sean J. McLaughlin

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 15, 2010

Before: CHAGARES, JORDAN AND VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 28, 2010)
_____

OPINION
_____

PER CURIAM

Ebert Beeman, proceeding pro se, appeals an order of the United States District Court for the Western District of Pennsylvania enforcing a summons issued by the Internal Revenue Service ("IRS"), granting summary judgment in favor of the United States and two Revenue Officers, and dismissing his claims against his former employer. We will affirm.

IRS Revenue Officer Ed Pattison issued a summons directing Beeman to produce certain records and data in connection with an investigation of Beeman's federal income tax liability. Alleging that Beeman had failed to fully comply with the summons, the United States and Revenue Officer Mary Arndt filed a complaint in District Court seeking to enforce the summons. Beeman filed two documents asserting counterclaims against Pattison and Arndt and a claim against his former employer, GE Client Business Services and Keith Sherin. Beeman challenged liens, levies, and/or garnishments that were imposed against his property and accounts in connection with various tax years.

Arndt and Pattison moved for summary judgment on Beeman's claims and GE Client Business Services and Sherin moved to dismiss them. The District Court granted these motions and ordered Beeman to comply with the IRS summons insofar as it relates to the years ending December 31, 2000 and December 31, 2001. This appeal followed.

As further discussed in the District Court's decision, the record reflects that Pattison was assigned to Beeman's case in 2007 and that, at that time, the IRS held a lien

2

against Beeman in the amount of $1,729,371.71. Beeman's case involved unfiled income tax returns for the years 2000, 2001, 2002, 2005, and 2006, and unpaid income taxes for the years 1994, 1995, 1996, 1997, 2003, and 2004. In 2008, Beeman filed tax returns for 2002, 2005, 2006 but he did not pay his tax liabilities. Pattison filed two notices of federal tax liens in connection with these tax returns, which were provided to Beeman.

In 2009, Beeman's case was reassigned to Arndt. Arndt determined that, with the exception of 2002, Beeman had been issued two final notices of intent to levy in connection with the years that he had unpaid tax liabilities and that Beeman had not submitted a collection due process appeal. Arndt issued a final notice of intent to levy related to Beeman's 2002 income tax liability. Arndt also determined that Beeman had requested a collection due process hearing in connection with the tax lien notice related to tax year 2002 and forwarded that request to the Appeals Office. Finally, Arndt issued a notice of levy on wages, salary and other income to GE Client Business Services in order to attach Beeman's pension benefits. This levy was related to the unpaid income tax liabilities for tax years 1994-1997 and 2003-2006, and totaled $2,068,600.43.

In his claim against Pattison and Arndt, Beeman argued that the liens and levies are unlawful because the notices of liens had not been approved by the District Court. We agree with the District Court that the statutory provisions applicable to the imposition of liens and levies by the IRS do not require such approval. See 26 U.S.C. §§ 6320, 6330, 6331. Because Beeman's claim lacked merit, the District Court properly granted

3

summary judgment in favor of Pattison and Arndt.[1]

We also conclude that the District Court properly dismissed Beeman's claim against GE Client Business Services and Keith Sherin, Beeman's former employer, for their acts in complying with the levy. As noted by the District Court, under 26 U.S.C. § 6332(e), third parties are discharged from liability to a delinquent taxpayer for complying with the terms of an IRS levy. See Moore v. General Motors Pension Plans, 91 F.3d 848, 851 (7th Cir. 1996) (per curiam) (holding bank was immune from liability under § 6332(e) for surrendering property in compliance with an IRS notice of levy).

Finally, the District Court did not err in ordering Beeman to comply with the IRS summons. The United States and Arndt submitted Pattison's affidavit, which established that he had been investigating Beeman's tax liability, that the information sought was relevant to the investigation, that the IRS did not already have the information, and that the IRS complied with the requisite administrative steps in issuing the summons. See United States v. Rockwell Int'l, 897 F.2d 1255, 1262 (3d Cir. 1990) (setting forth prima facie showing Government must make before a summons can be enforced). Beeman did not attest to facts demonstrating an issue of fact or advance a legal defense to the summons. The District Court also afforded Beeman an opportunity to offer a defense to the complaint at a hearing and he failed to do so.

_____

[1]The District Court also properly rejected Beeman's argument that the motion for summary judgment filed by Arndt and Pattison could not be granted because the motion was untimely filed.

4

Accordingly, because this appeal does not raise a substantial question, we will affirm the District Court's order.