FILED
United States Court of Appeals
Tenth Circuit

June 6, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARK ANDRES GREEN,

        Plaintiff–Appellant,

v.

PERSHING, LLC; JOHN DOES 1-20,

        Defendants–Appellees.

No. 12-5201

(D.C. No. 4:12-CV-00296-CVE-FHM)

(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered

submitted without oral argument.

Plaintiff Mark Green, proceeding pro se, appeals the district court's entry of

judgment on the pleadings in favor of Defendant Pershing, LLC. All of Plaintiff's claims

against Defendant arose from Defendant's compliance with an Internal Revenue Service

notice of levy regarding Plaintiff's individual retirement account. The district court

concluded that Plaintiff was barred from obtaining relief against Defendant pursuant to 26

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 6332(e), which provides that a third party who surrenders property to the IRS in accordance with a levy "shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment." The court accordingly granted Defendant's motion for judgment on the pleadings.

We see no error in this ruling. Plaintiff's arguments regarding the validity of the levy are misplaced and would be "properly considered in a suit against the IRS and not against [Defendant]." *Burroughs v. Wallingford*, 780 F.2d 502, 503 (5th Cir. 1986) (per curiam). Questions about the validity of a levy "are not valid reasons for refusing to honor a levy." *United States v. Moskowitz, Passman & Edelman*, 603 F.3d 162, 166 (2d Cir. 2010) (internal quotation marks omitted). Indeed, § 6332(e)'s protections are "not limited to levies which survive challenges to their validity." *Moore v. Gen. Motors Pension Plans*, 91 F.3d 848, 851 (7th Cir. 1996) (per curiam). Nor is there any merit to Plaintiff's argument—based upon the long-defunct 1939 tax code and cases interpreting it—that Defendant should not have complied with the levy because it was not executed via a warrant of distraint. When dealing with intangible property, such as Plaintiff's individual retirement account, the IRS effectuates a levy "by the sole act of serving notice of levy upon the third party holding the property." *Kane v. Capital Guardian Trust Co.*, 145 F.3d 1218, 1221 (10th Cir. 1998). The IRS did so in this case, Defendant appropriately complied with the notice of levy, and § 6332(e) now protects Defendant from liability.

For substantially the same reasons given by the district court, we **AFFIRM** the district court's entry of judgment in favor of Defendant and against Plaintiff.

Entered for the Court


Monroe G. McKay
Circuit Judge