**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 29, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TIMOTHY EDWARD HOLZ,

        Petitioner-Appellant,

v.

CHARLES A. DANIELS, Warden,

        Respondent-Appellee.

No. 13-1518
(D.C. No. 1:13-CV-02716-LTB)
(D. Colorado)

**ORDER AND JUDGMENT[1]**

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Mr. Timothy Holz is a federal prisoner who applied for a writ of habeas corpus under 28 U.S.C. § 2241. Because Mr. Holz was complaining about the conditions of confinement, the magistrate judge recharacterized the action and ordered Mr. Holz to refile the action on a form for a *Bivens* action. Order (D. Colo. Oct. 9, 2013) (Boland, J.), ECF No. 5; *see Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Mr. Holz didn't refile, and the district judge dismissed the action without prejudice for failure to comply with the order. Order

---

[1]    When asked whether he wants oral argument, Mr. Holz answered: "No!" Appellant's Opening Br. at 22 (Jan. 3, 2014). In light of this statement, we will decide the case based on the briefs.

(D. Colo. Nov. 15, 2013) (Babcock, J.), ECF No. 11. This ruling led Mr. Holz to appeal and seek leave to proceed in forma pauperis on appeal. We affirm, but grant the application for pauper status.

In the appeal, Mr. Holz states that he intentionally filed the action as one for habeas relief and did not want to sue under *Bivens*.[2] Appellant's Opening Br. at 2, 22 (Jan. 3, 2014). We note that Mr. Holz was apparently aware of *Bivens*, as he had invoked *Bivens* in other litigation. *See Holz v. Terre Haute Reg'l Hosp.*, 123 F. App'x 712 (10th Cir. 2005).[3] And, we recognize that Mr. Holz might have had legitimate reasons for preferring to litigate the action as a suit for a writ of habeas corpus rather than relief under *Bivens*. For example, by litigating the action as one for habeas relief, he was able to avoid payment of the filing fee[4] and exhaustion of

---

[2]    In the appeal, Mr. Holz argues that the habeas application should have been handled by the federal district court in Durango rather than the one in Denver. Appellant's Opening Br. at 2, 20, 22 (Jan. 3, 2014). But there is only one federal district court in Colorado. The court simply has multiple courthouses, including two in Denver and one in Durango. Though Mr. Holz filed the notice of appeal in Durango, the court could assign the case to any of its judicial officers, including those working in one of the Denver courthouses.

[3]    One court has counted 45 cases filed by Mr. Holz. *See Holz v. McFadden*, 2011 WL 2882562, at *1 (C.D. Cal. June 27, 2011) (report and recommendation by magistrate judge), *adopted*, 2011 WL 2883108 (C.D. Cal. July 19, 2011) (order by district judge).

[4]    Federal law restricts eligibility for pauper status when a prisoner has three or more civil suits dismissed for frivolousness or failure to state a valid claim. *See* 28 U.S.C. § 1915(g) (2006). Mr. Holz may already have three or more countable dismissals in federal civil suits, or he may have wanted to avoid more dismissals. *See Holz v. McFadden*, 2011 WL 2882562, at *1 (C.D. Cal. June 27, 2011) (report and recommendation by magistrate judge, stating that Mr. Holz has

2

administrative remedies, but might not have been able to do so if he had prosecuted the action under *Bivens*.[5]  Thus, we do not fault Mr. Holz for declining to file a *Bivens* complaint if he preferred to seek habeas relief.  But even if Mr. Holz could legitimately have chosen to prosecute the action as he did, we could reverse only if his allegations are cognizable as habeas claims.  They aren't.

A habeas action is appropriate only if Mr. Holz challenges the fact or duration of his confinement.  *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997).  Rather than challenge the fact or duration of his confinement, Mr. Holz complains about the conditions he has faced:  denial of legal mail, a conspiracy to commit murder, deliberate indifference to his safety,[6] refusal to provide forms to initiate suit in state court, and withholding of hygiene items.  Habeas Corpus Appl. at 2-3, 7-8, 10-14 (D. Colo. Oct. 3, 2013), ECF No.

---

at least 14 dismissals in federal court for frivolousness or failure to state a claim on which relief can be granted), *adopted*, 2011 WL 2883108 (C.D. Cal. July 19, 2011) (order by district judge); *Holz v. McFadden*, 2010 WL 3069745, at *2 (C.D. Cal. May 21, 2010) (report and recommendation by magistrate judge) (same), *adopted*, 2010 WL 3069740 (C.D. Cal. Aug. 5, 2010) (order by district judge). Or, he may have wanted to avoid the district court's filing fee for *Bivens* actions because habeas actions were cheaper.  *See* 28 U.S.C. § 1914(a) ($5 filing fee for habeas actions and $350 for other actions); *see also* Order at 3 (D. Colo. Oct. 9, 2013) (Boland, J.), ECF No. 5 (stating that if Mr. Holz did not seek pauper status, he would owe a $350 filing fee and a $50 administrative fee).

[5]      *See* 28 U.S.C. § 1915(b)(2) (2006); 42 U.S.C. § 1997e(a) (2006).

[6]      In his application for habeas relief, Mr. Holz acknowledges that he could not "raise an Eighth Amend. violation in a writ of habeas corpus such as this." Habeas Corpus Appl. at 13 (D. Colo. Oct. 3, 2013), ECF No. 1.

3

1. These complaints are serious, but they are not cognizable as habeas claims. Instead, they must be brought under the civil rights laws. If Mr. Holz intends to sue the federal government, he must proceed under the Federal Tort Claims Act; if he intends to sue a federal officer, he must proceed under *Bivens*. *See Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009). But, he cannot invoke his complaints in a habeas petition because they involve conditions (rather than the fact or duration) of his confinement.

The distinction is evident in Mr. Holz's requests for remedies in his habeas application: incarceration in a state facility rather than a federal prison and payment for his incarceration. Habeas Corpus Appl. at 17-18 (D. Colo. Oct. 3, 2013), ECF No. 1. He has not asked for release or an order shortening his confinement. Instead, he has requested placement in a different facility and greater care for his safety. *Id.* These requests cannot be granted in a habeas action. *See Boyce v. Ashcroft*, 251 F.3d 911, 917-18 (10th Cir.) (holding that a claim seeking transfer to another prison is not cognizable in habeas corpus and that the petitioner must instead seek that type of remedy through a *Bivens* action), *vacated on other grounds*, 268 F.3d 953 (10th Cir. 2001). Accordingly, we affirm the dismissal of the action.

Though we are affirming, we also conclude that Mr. Holz is entitled to proceed in forma pauperis. He has no money and could have been confused by the order to file a *Bivens* complaint when he had chosen to pursue a habeas application

4

instead.  In these circumstances, we do not question Mr. Holz's good faith in prosecuting the appeal.  Thus, we will allow Mr. Holz to proceed without paying the filing fee.  *See* 28 U.S.C. §§ 1915(a)(1), 1915(a)(3) (2006).

Entered for the Court


Robert E. Bacharach
Circuit Judge