# IN THE COURT OF APPEALS OF IOWA

No. 15-1264
Filed August 31, 2016

**RYAN SURBER,**
　　　　Plaintiff-Appellee,

**vs.**

**ROBIN MARSHALL,**
　　　　Defendant-Appellant.

_____

**ROBIN MARSHALL,**
　　　　Counterclaimant,

vs.

**RYAN SURBER,**
　　　　Counterclaim-Defendant.
_____


Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.


The defendant appeals the district court's order denying his motion for partial discharge of a money judgment. **REVERSED AND REMANDED.**


Randall H. Stefani of Ahlers & Cooney, P.C., Des Moines, for appellant.

Jason A. Springer of Springer Law Firm, West Des Moines, for appellee.


Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

This case presents the question of whether a judgment debtor is entitled to partial discharge of a money judgment entered against him for the amount the judgment debtor paid to the Department of the Treasury pursuant to an Internal Revenue Service ("IRS") notice of levy on the judgment creditor's property. We conclude the judgment debtor is entitled to partial discharge of the money judgment to the extent of the amount paid pursuant to the notice of levy.

I.

Ryan Surber and Robin Marshall entered into an asset purchase agreement in December 2012 pursuant to which Surber agreed to sell client files, computer data, records, and other assets related to his financial services business. Marshall stopped making required payments to Surber in April 2013. One point of contention between the parties was Surber's failure to disclose to Marshall federal tax liens against Surber at the time the parties entered into the asset purchase agreement. In December 2013, Marshall received from the IRS a notice of levy on Surber's property. The notice included the direction, "This levy requires you to turn over to us [Surber's] property and rights to property (such as money, credits, and bank deposits) that you have or which you are already obligated to pay [Surber]."

In May 2014, Surber filed this breach of contract action against Marshall, and Marshall filed several counterclaims. The matter proceeded to jury trial. The federal tax liens and levy were introduced as evidence during trial as evidence related to Marshall's claim Surber failed to disclose the liens to Marhshall. The jury returned a verdict in favor of Surber and awarded him $414,328.48 in non-

itemized damages. After the jury rendered its verdict, Marshall tendered funds totaling $249,635.97 to plaintiff, his attorney, and the IRS. Of that amount, $137,702.57 was forwarded to the IRS (made payable to the United States Treasury) and acknowledged as received by the IRS pursuant to the notice of levy. An IRS revenue officer wrote a letter to Marshall dated June 3, 2015, verifying receipt of the payment and confirming the payment "satisfies the levy" on Surber's property issued in December 2013.

Marshall moved for setoff and/or discharge. Marshall claimed an entitlement to setoff because he was the owner of a judgment entered against Surber on August 13, 2014, in the amount of $182,500, plus interest, costs, and attorney's fees. Marshall also claimed he was entitled to partial discharge of the money judgment to the extent of Marshall's payment to the federal government. Surber resisted Marshall's motion and moved the court to enter judgment in the amount of $838,624.17—the full amount Surber had requested from the jury. The district court denied the parties' motions and entered judgment in the amount of $414,328.48 plus interest, attorney fees, and court costs. Marshall filed another motion, seeking clarification on the federal tax issue. Surber resisted the motion. In support of his resistance, Surber submitted an affidavit stating that he had submitted to the IRS an offer in compromise of "all the pending Federal Tax Liens," that the offer in compromise had "been accepted" by the IRS in March 2014, and that the offer in compromise was "still pending" as of the date of the affidavit. The district court denied Marshall's motion:

> As stated in its previous ruling, the court does not know precisely how the jury arrived at the amount of damages it awarded to plaintiff in its verdict. The court only knows that the jury, after

finding for plaintiff on his claim against defendant and finding against defendant as to defendant's affirmative defense and defendant's counterclaim, awarded plaintiff damages in an amount ($414,328.48) which was only about half of what he asked. The court has no proof of how the jury arrived at that amount. However, the parties agree that the evidence received at trial and made available to the jury during its deliberations included, amongst other things, the subject I.R.S. notice of levy which stated the amount of $128,884.76 and evidence of I.R.S. liens against plaintiff. It seems to the court that it is at least conceivable that the jury took same into account in arriving at its damage amount. If so, then it does not seem appropriate to the court to give defendant a set off for same against the jury's verdict.

In any event, due to the uncertainty as to how the jury arrived at the amount of damages included in its verdict, the motion is DENIED.

Marshall now appeals the federal tax issue.

II.

Our review is for the correction of legal error. *See* Iowa R. App. P. 6.907.

The question presented is largely answered by federal law. 28 U.S.C. § 6332 provides:

(a) Requirement
Except as otherwise provided in this section, any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary [Secretary of the United States Treasury], surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.
. . . .
(e) Effect of honoring levy
Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

The plain language of paragraph (a) requires a person in possession of property levied upon by the IRS to surrender that property to the IRS. *See Kay-Decker v. Iowa State Bd. of Tax Review*, 857 N.W.2d 216, 223 (Iowa 2014) (reviewing principles of statutory interpretation, including looking to "plain and obvious meaning" (citation omitted)). The plain language of subsection (e) provides a person who honors such a levy is discharged from any obligation or liability to the delinquent taxpayer with respect to the property surrendered.

In applying the statute to the case at hand, we must first determine whether Surber's claim against Marshall was "property or rights to property" within the meaning of the statute and thus subject to levy. Marshall received a notice of levy dated December 6, 2013. The levy attached to any property of Surber's that Marshall possessed as of the date of the levy. *See* 26 U.S.C. § 6331(b) (providing that, except for levies on salaries and wages, "a levy shall extend only to property possessed and obligations existing at the time thereof"). Marshall breached the parties' agreement in April 2013 when he ceased making required payments. In May 2013, Surber sent Marshall notice of default with a demand Marshall perform on the contract, which Marshall did not do. Surber's claim against Marshall accrued at this time. *See Diggan v. Cycle Sat, Inc.*, 576 N.W.2d 99, 102 (Iowa 1998) (stating cause of action accrues upon breach of the contract). An accrued legal claim is property upon which a creditor may levy. *See Bob McKinness Excavating & Grading, Inc., v. Morton Bldgs. Inc.*, 507 N.W.2d 405, 410 (Iowa 1993) ("It is true that once a cause of action accrues, a plaintiff has a vested property interest that cannot be summarily destroyed by

legislative action."); *Arbie Mineral Feed Co., Inc. v. Farm Bureau Mut. Ins. Co.*, 462 N.W.2d 677, 680 (Iowa 1990). The levy was not released prior to Marshall's payment. *See* 26 U.S.C. § 6343 (providing conditions for release). We thus conclude Surber's cause of action was "property" within the meaning of the federal statute subject to levy.

Having concluded the cause of action was subject to levy, the plain language of the controlling statute required Marshall to make payment to the United States Treasury to the extent of the levy. *See* 28 U.S.C. § 6332(a). Marshall's failure to surrender the levied property to the federal government would have caused Marshall to become liable for the same. *See* 26 U.S.C. § 6332(d)(1) ("Any person who fails or refuses to surrender any property or rights to property, subject to levy . . . shall be liable . . . in a sum equal to the value of the property or rights not so surrendered . . . ."); *Allstate Fin. Corp. v. United States*, 860 F. Supp. 653, 656–57 (D. Minn. 1994) ("A third party in possession of property upon which levy has been made proceeds at its own peril if it refuses to honor the levy."). The plain language of the controlling statute provides that the person who surrenders property "shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment." 28 U.S.C. § 6332(e). Under the plain language of the controlling statute, Marshall is entitled to relief.

Surber has several responses to this conclusion. Surber argues it was unclear whether the levy was in effect as to Marshall because Marshall initially told the IRS he did not owe anything to Surber. Marshall's initial belief regarding

what he owed Surber proved to be incorrect in light of the jury's verdict. Regardless, Marshall's initial statement to the IRS does not invalidate the levy. *See Allstate Fin. Corp.*, 860 F. Supp. at 655–57.

Surber argues Marshall should have contacted the IRS or the court to request a discharge of his obligation to the IRS prior to making his payment. This argument is incorrect on the facts and the law. On the facts, Marshall did contact the IRS. The internal revenue officer working the case acknowledged the validity of the levy and accepted Marshall's payment in satisfaction of the same. On the law, a party served with notice of levy has no obligation to contact the IRS to verify the levy's validity. *See United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 721–22 (1985) (holding a bank served with a notice of levy has only two possible defenses for failure to comply with the demand: that it is not in possession of the property of the taxpayer, or that the property is subject to a prior judicial attachment or execution); *United States v. G & T Enters., L.C.*, 978 F. Supp. 1232, 1238 (N.D. Iowa 1997). "Indeed, the very purpose of section 6332(e) was to prevent custodians served with a notice of levy from being burdened with evaluating the merits of a dispute between a taxpayer and the government." *Kline v. U.S. Bank*, No. 8:14-CV-363, 2015 WL 268559, at *2 (D. Neb. Jan. 21, 2015).

Surber contends the existing offer in compromise calls into question the existence of the levy. He points to a federal statute of his own:

(1) Offer-in-compromise pending
No levy may be made under subsection (a) on the property or
rights to property of any person with respect to any unpaid tax—

> (a) During the period that an offer-in-compromise by such person under Section 7122 of such unpaid tax is pending with the Secretary.

26 U.S.C. § 6331(k)(1). This argument, too, fails. First, the levy was "made" before any alleged offer in compromise was made: Surber claims his offer in compromise was "approved" in March 2014, about four months after the levy issued. Surber does not argue, or put forward any evidence, that his offer in compromise was "pending" before March 2014. The "snapshot of the property" taken at the time of levy would not have included a pending offer in compromise. *See Lanier v. Wachovia Bank*, No. 2:09-cv-4566-wy, 2010 WL 1141267, at *3 (E.D. Pa. Mar. 24, 2010). Second, the discharge provided by the statute applies "regardless of whether or not the levy served . . . was valid." *Moore v. Gen. Motors Pension Plans*, 91 F.3d 848, 851 (7th Cir. 1996). Marshall need not "refuse to honor a notice of levy, even if the taxpayer may have a valid defense." *Kline*, 2015 WL 268559, at *2; *see also Schiff v. Simon & Schuster, Inc.*, 780 F.2d 210, 212 (2d Cir. 1985) ("The fact that appellant disputes the validity of the underlying tax assessment does not alter Simon & Schuster's obligation to honor the levy."). If Surber believes the levy issued in error, due to an offer in compromise or otherwise, he has the right to protest. *See Kline*, 2015 WL 268559, at *3 ("If the plaintiffs have any valid defense to the notice of levy, they must take that up with the IRS, not the Bank."); *Busby v. I.R.S.*, No. 96-6566-CIV-HURLEY, 1997 WL 364507, at *3 (S.D. Fla. Feb. 23, 1997) ("[I]f Plaintiff's property was collected in error or the levy was invalid, the recourse for a plaintiff who has been taxed unjustly or in error by the federal government is [a] tax refund suit."). Surber's relief is with the IRS, not Marshall.

Finally, Surber argues the district court should be affirmed because, as the district court concluded, the jury may have considered the tax levy when it calculated damages. We cannot speculate as to the jury's unstated rationale. *See, e.g.*, *Patz v. Farmegg Prods., Inc.*, 196 N.W.2d 557, 563 (Iowa 1972). The jury may have considered the tax levy when rendering its verdict; it may not have. That is unknowable. *See Lovett ex rel. Lovett v. Union Pac. R.R. Co.*, 201 F.3d 1074, 1080 (8th Cir. 2000) (declining to speculate on general verdict); *Oolman v. Icon Ag Sols., L.L.C.*, No. 12-0035, 2012 WL 5600226, at *10 (Iowa Ct. App. Nov. 15, 2012) (declining to speculate on apportionment of damages in general verdict). We need not ruminate on the question or mull the answer, however, because the question and answer are immaterial to the legal question presented. The question presented is whether Marshall is entitled to be discharged from his obligation to Surber to the extent of Marshall's payment to the federal government made pursuant to a notice of levy. Federal law clearly requires this result. To the extent that the jury may have considered the tax lien in calculating damages, that question raises substantive legal issues relating to the presentation of the case and the instructions provided to the jury. Those substantive legal issues have not been raised in this appeal, *see* Iowa R. App. P. 6.903(2)(g)(3) (waiving issues not raised and supported), and we need not address them.

III.

For the foregoing reasons, we reverse the district court and remand this matter for proceedings not inconsistent with this opinion.

**REVERSED AND REMANDED.**