

Villanova University School of Law Digital Repository

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-25-2007

# Safeguard Lighting v. N Amer Spec Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3866

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Safeguard Lighting v. N Amer Spec Ins Co" (2007). *2007 Decisions.* Paper 1744.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1744

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

―――――

NO. 05-3866

―――――

SAFEGUARD LIGHTING SYSTEMS, INC.;
SAFEGUARD INTERNATIONAL;
RAY ROYCE; RITA ROYCE
Appellants

v.

NORTH AMERICAN SPECIALTY INSURANCE COMPANY

―――――

On Appeal From the United States
District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 03-cv-04145)
District Judge: Hon. Harvey Bartle, III

―――――

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 17, 2007

BEFORE: McKEE, AMBRO and STAPLETON,
Circuit Judges

(Opinion Filed: January 25, 2007 )

―――――

―――――

STAPLETON, Circuit Judge:

This is a suit by insureds, Safeguard Lighting Systems, Inc., and others (collectively "Safeguard"), against their insurer, North American Specialty Insurance Co. ("NAS"), on a claim arising from water damage. It was removed to the District Court from state court, and extensive discovery ensued.

On February 4, 2005, after a settlement conference, an order was entered pursuant to Rule 41.1(b) of the Court's Local Rules providing that the "action is DISMISSED with prejudice, pursuant to agreement of counsel without costs." App. at 21. Safeguard did not appeal from this judgment.

Local Rule 41.1 provides that "any . . . order of dismissal [entered pursuant to this rule] may be vacated, modified, or stricken from the record, for cause shown upon the application of any party served within ninety (90) days of the entry of such order of dismissal." On May 5, 2005, on the ninetieth day following entry of the dismissal order, Safeguard filed a "Motion to Vacate and Strike Order of February 4, 2005." The motion acknowledged that "under the terms of the settlement the defendant was to pay plaintiffs the sum of $500,000 in exchange for an executed settlement agreement." App. at 23. The motion contended, however, that the judgment entered pursuant to the settlement should be vacated because NAS proposed to honor an IRS levy to collect unpaid taxes

2

owed by Safeguard.

On May 31, 2005, the District Court entered an order denying the motion to vacate the judgment. An accompanying opinion explained:

> From the undisputed record before us, the plaintiffs, their counsel, and defendant and its counsel were aware at all relevant times of the IRS levies against plaintiff Safeguard. The IRS had served defendant and its counsel with Notices of Levy setting forth in detail what plaintiff Safeguard owed to the United States. The amount subject to levy had climbed to nearly $500,000 by the time of the settlement conference before Judge Welsh. Within days thereafter, defendant and its counsel were served with an additional Notices of Levy which increased the amount due the United States to a sum well in excess of the $500,000 settlement.
>
> * * *
>
> It cannot be disputed that the parties agreed to a settlement of this action with a payment of $500,000 to the plaintiffs. All parties, however, were aware of the IRS levies. It could not have been reasonably understood by the parties that defendant would pay the funds directly to plaintiffs in defiance of federal law which required the defendant to pay the funds to the IRS to satisfy a liability owed by plaintiff Safeguard. Any payment to the IRS by defendant is clearly for the benefit of Safeguard. The parties reached a meeting of the minds before Judge Welsh, and the case was settled. Accordingly, the motion of plaintiffs to vacate and strike this court's February 4, 2005 dismissal order will be denied.

App. at 6a, 7a.

Safeguard did not appeal from the District Court's May 31, 2005, order. On June 13, 2005, however, it filed a motion "to alter, amend, reconsider and reargue the Court's order of 5/31/05. App. at 19. That motion was denied on July 14, 2005.

On August 15, 2005, more than 30 days after the Court's order of May 31, 2005, Safeguard filed this appeal "from the order and judgment entered . . . on July 14, 2005."

3

App. at 1.

We have no jurisdiction to review the judgment of dismissal with prejudice entered on February 4, 2005. Assuming that Safeguard's first post-judgment motion tolled the time for appeal of this judgment under Fed. R. App. P. 4(a)(4), its subsequent motion to reconsider denial of that motion did not extend the tolling period. *Turner v. Evers*, 726 F.2d 112, 114 (3d Cir. 1984) ("where, as here, a motion styled as one for reconsideration is made by the same party that lost an earlier motion covered by Rule 4(a)(4) and the factual and legal issues surrounding the earlier motion and the current motion are roughly similar, we see no good reason to allow such motions [to reconsider] to postpone the time for appeal"); *Moody v. Pepsi-Cola Metropolitan Bottling Co., Inc.*, 915 F.2d 201 (6th Cir. 1990) (same).

We may therefore review only the District Court's order of July 14, 2005, denying Safeguard's motion to reconsider the Court's May 31, 2005, order denying Safeguard's motion to vacate and strike the February 4, 2005, judgment. *Sanders v. Clemco Industries*, 862 F.2d 161 (8th Cir. 1988); *United States v. Cirami*, 535 F.2d 736 (2nd Cir. 1976). We review that order for an abuse of discretion. *Id.* We conclude that there was none.

Safeguard's motion to reconsider was nothing more than an effort to relitigate an issue that had already been decided and failed to satisfy the requirements of either Rule 59 or Rule 60. More fundamentally, however, the District Court correctly recognized from the start that the IRS's levy had no bearing on whether the judgment of February 4th

4

was properly entered. As Safeguard's May 5th motion acknowledged, "under the terms of the settlement the defendant was to pay plaintiffs the sum of $500,000 in exchange for an executed settlement agreement." Given that settlement, dismissal with prejudice was appropriate. Whether and when the obligation of NAS to Safeguard under that settlement agreement was effectively seized by the IRS simply has no bearing on whether there was a settlement and a proper dismissal pursuant to it. Indeed, the independence of the dismissal and the levy is highlighted by Safeguard's insistence before us that, if any effective levy occurred, it was *after* the February 5th dismissal order had been entered, *i.e.*, on February 8th. Br. Appellants at 14.

The July 14, 2005, order of the District Court will be affirmed.