Steven H. SMITH, Appellant

v.

NORTH AMERICAN SPECIALTY INS.
CO.; United States of America.

No. 07–3296.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Aug. 17, 2009.

Opinion filed: Aug. 26, 2009.

**842**

Steven H. Smith, Media, PA, for Appellant.

Michael F. Henry, Esq., Cozen & O'Connor, Philadelphia, PA, for Appellee.

Before: SCIRICA, Chief Judge, CHAGARES and WEIS, Circuit Judges.

## OPINION

PER CURIAM.

Steven Smith filed suit against the North American Specialty Insurance Company ("North American") and the Internal Revenue Service ("IRS") in state court. He alleged that he had an agreement with Safeguard Lighting Systems, Inc. ("Safeguard") to provide his services as an insurance adjuster relating to a claim of water damage that Safeguard was presenting to its insurer, North American. Smith was to be paid 8% of the amount that Safeguard recovered from North American. As security for his fee, Safeguard assigned him the insurance claim and proceeds. After suing North American for breach of contract, Safeguard agreed to a settlement award of $500,000. However, Safeguard never directly received any proceeds of the settlement. North American instead paid the money to the IRS in satisfaction of an IRS levy against Safeguard for back taxes.[1] Smith filed suit to recover his fee of $40,000 from the defendants.

North American and the IRS removed the suit to the District Court. The IRS filed a motion to dismiss the complaint as to it for failure to state a claim upon which relief can be granted. The District Court, in granting the motion, construed the suit against the IRS as a suit against the United States and held that it was time-barred.[2]

After the IRS/United States was dismissed from the action, Smith moved to remand the matter to state court. He argued that the state court should hear the remaining claim, which he characterized as a "traditional contract claim" against North American for less than $75,000. While the motion to remand was pending, North American filed a motion to dismiss the suit. North American argued that the District Court lacked subject-matter jurisdiction because (1) North American was not a proper defendant, and (2) the suit was barred by a jurisdictional time-bar. North American also contended that Smith had failed to state a claim upon which relief can be granted.

The District Court denied the motion to remand, noting that even if the remaining claim against North American was not a federal claim, it would exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Subsequently, the District Court dismissed the suit for failure to state a claim. The District Court held that al-

---

1. Although Safeguard moved to vacate the order dismissing its breach-of-contract suit, arguing that it and North American did not come to a meeting of the minds about the settlement, we affirmed it. *See Safeguard Lighting Systems, Inc. v. North American Spe-*

*cialty Ins. Co.,* 214 Fed.Appx. 215 (3d Cir. 2007).

2. This decision is not contested on appeal. Appellant's Brief 4.

though Smith described the claim as a contract claim under state law, it was a claim of interest in property on which a levy had been made by the IRS. Accordingly, the District Court concluded that Smith's only remedy was against the United States under 26 U.S.C. § 7426(a)(1). The District Court further explained that North American could claim the protection of 26 U.S.C. § 6332(e) against Smith's claim because it had paid $500,000 to the IRS in compliance with the levy against Safeguard.

Smith appeals from the District Court's orders denying his motion to remand and granting North American's motion to dismiss. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over questions of jurisdiction, *see Gould Elecs., Inc. v. United States,* 220 F.3d 169, 176 (3d Cir.2000), although we review a district court's exercise of supplemental jurisdiction for abuse of discretion, *see De Asencio v. Tyson Foods, Inc.,* 342 F.3d 301, 311 (3d Cir.2003). We also exercise plenary review over a district court's dismissal of a complaint for failure to state a claim upon which relief can be granted. *See Lum v. Bank of Am.,* 361 F.3d 217, 223 (3d Cir.2004).

■ We will affirm in part, and vacate in part, the District Court's judgment. To the extent that Smith's claim against North American can be viewed as a claim under state law for breach of contract, the District Court did not abuse its discretion in exercising supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Whether a case should be remanded requires a case-specific analysis. *See Asencio,* 342 F.3d at 312. In this case, the District Court had already adjudicated the lawsuit between Safeguard and North American. Even on a preliminary review of the allegations, the District Court could see that the claim against North American related to the ear-

lier suit as well as the attempted federal action against the IRS that was the basis for removal. Moreover, North American was asserting a defense under federal law. For these reasons, the District Court did not err in declining to remand the claim, even if it could be considered a claim under state law.

■ However, the claim is not merely a misdirected claim for wrongful levy. If Smith were simply bringing a wrongful levy claim, as North American argues, the Internal Revenue Code would leave him with one remedy against the United States. *See* 26 U.S.C. § 7426; *see, e.g., Texas Commerce Bank–Ft. Worth, N.A. v. United States,* 896 F.2d 152, 155 (5th Cir. 1990); *United Sand & Gravel Contractors, Inc. v. United States,* 624 F.2d 733, 739 (5th Cir.1980) (noting that a wrongful levy action is the exclusive remedy against the United States for a third party whose property is confiscated by the IRS to satisfy another person's tax liability). However, Smith did not merely sue for wrongful levy, and he did not sue only the United States.

Moreover, it is not clear that his claim against North American was barred by federal law, as the District Court concluded in subsequently dismissing the suit. A provision in the Internal Revenue Code provides:

> Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

26 U.S.C. § 6332(e). The parties do not dispute that the IRS served North American with the levy for Safeguard's back taxes and that North American paid the $500,000 settlement to the IRS to satisfy the levy in accordance with 26 U.S.C. § 6332(a). However, the parties do not agree about whether North American, when it turned over the $500,000 to the IRS, had "property or rights to property subject to levy" in relation to the 8%, or $40,000, allegedly due Smith under the assignment agreement. Smith alleges that his portion of the settlement had been assigned to him before the levy and could not be considered subject to the levy against Safeguard.

Whether the levy related to "property or rights in property subject to levy" is a threshold issue that must be considered before immunity is awarded. *See Farr v. United States,* 990 F.2d 451, 457 (9th Cir. 1993) (stating that although the immunity provision has been interpreted generously, "the plain words of the statute indicate that third persons are protected only when they turn over property which is 'subject to levy' "). *See also Kane v. Capital Guardian Trust Co.,* 145 F.3d 1218, 1224 (10th Cir.1998) (finding § 6332(a) a shield to liability only after noting, among other things, that the right at issue was a right to property subject to levy); *Moore v. General Motors Pension Plans,* 91 F.3d 848, 851 (7th Cir.1996) (applying § 6332(e) only after ruling, among other things, that the property at issue was property subject to levy).

At this stage of the proceedings, it is not clear whether North American may claim the protection of 26 U.S.C. § 6332(e) because it is not clear whether Smith's fee, allegedly assigned in him in 2001 as 8% of any insurance recovery, was property subject to levy in 2005. State law applies in determining the legal interest the parties had in the property. *Cf. United States v. Nat'l Bank of Commerce,* 472 U.S. 713, 722, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985). On the current scant record, the answer is not apparent.

For these reasons, although we will affirm the District Court's order denying the motion to remand, we will vacate the District Court's order granting North American's motion to dismiss the complaint. This matter is remanded to the District Court for further proceedings consistent with this opinion.